MAY I. DAYTON *vs.* MARIA B. NELL, impleaded, etc.

May 7, 1890.

**Power to Sell and Convey, how Conferred—Ratification by Parol.—** The power to sell, as distinguished from the power to convey, real estate, may (in the absence of a statute to the contrary) be conferred or subsequently modified by parol. Where the power of attorney authorizes the agent both to sell and to convey, if the agent exceeds his authority as to the terms of sale, and executes a conveyance, (the power to convey being general and having no express limitation attached,) the deed is not absolutely void, but merely voidable, and the sale may be ratified by the principal by parol.

**Same—Power from Husband and Wife—Modification by Wife.—A** power of attorney executed jointly by a husband and wife authorized the agent to sell the real estate of the wife "for such sums and at such prices as to him might seem meet," and "to make, execute, and deliver good and sufficient deeds and conveyances for the same." The agent, at the direction of the wife alone, conveyed the property without any consideration being received therefor. *Held,* that the conveyance was not void.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill, J.*

*J. M. Shaw, A. J. Shores,* and *Hawley & Hall,* for appellant.

*Alf. E. Boyesen, Horace Austin,* and *W. E. Hale,* for respondent.

MITCHELL, J. As we view this case, there is only one of the questions discussed by counsel which we need consider. In September, 1878, the defendant Nell and her husband executed a joint power of attorney to Richard W. Johnson, authorizing him to sell all or any portion of the real estate belonging to either of them, "for such sums and at such prices as to him might seem meet," and to "make, execute, acknowledge, and deliver good and sufficient deeds and conveyances for the same." Subsequently Mrs. Nell gave to Johnson directions by letter (not under seal, and her husband not joining therein) to convey, without consideration, the tract of land now in dispute (which was hers) to her son Lyman C. Dayton. When Lyman C. called upon Johnson for the deed, he requested him to make it to his wife, this plaintiff. In pursuance of these instructions

from Mrs. Nell, and this request of Lyman C. Dayton, Johnson, as attorney for Mrs. Nell and husband, executed a deed to plaintiff, no valuable consideration therefor passing from plaintiff or Lyman C. to either Johnson or Mrs. Nell. Plaintiff thereupon went into, and has ever since remained in, possession under this deed. Mrs. Nell knew of the deed soon after its execution. Nell, her husband, died in 1881, since which time Mrs. Nell has remained single. In April, 1888, plaintiff brought this action to determine the adverse claim of Mrs. Nell, who in her answer asserts title in herself.

Defendant's contention is that the deed executed to plaintiff by Johnson is void because unauthorized by his power of attorney. The line of argument in support of this claim is substantially this: That a power to sell does not authorize a gift; that as a married woman can only convey her real estate, or authorize another to do so, by an instrument in the execution of which her husband joins with her, therefore the instructions given by Mrs. Nell alone to Johnson were ineffectual to enlarge his authority, and hence a deed without consideration, being unauthorized by the power of attorney, was absolutely void, and conveyed no title. From his conclusions of law it is evident that the trial judge adopted this view of the case, and on that ground ordered judgment for the defendant. While this reasoning is plausible, it seems to us fallacious. We think that both court and counsel may have fallen into error by failing to distinguish between a power to "sell" and a power to "convey," and by assuming that in such a power of attorney the two are one and indivisible. A person may give another authority to sell land without giving him authority to execute conveyances, or he may give him power to execute conveyances without the power to make sales, or he may give him power to do both. Authority to convey can only be given by deed, while authority to sell may be given by parol, and, until a recent statute, even verbally. It may be well to test the correctness of defendant's position by considering the consequences to which it would logically lead. Suppose the power is to sell for a specified price, and to execute a conveyance, but the principal subsequently, by parol, directs the agent to sell for a less price, which he proceeds to do, and executes a conveyance; or suppose the agent sells for a less

price without any such directions, and executes a conveyance, and the principal, with full knowledge of the facts, ratifies the sale by parol, as, for example, by accepting the purchase-money,—we think it would hardly be doubted but that in each of the cases supposed the deed would be valid and binding on the principal. But the necessary and logical result of defendant's position would be that in both cases the deeds would be absolutely void, and convey no title; for two of the oldest and most familiar rules of the common law are that authority to execute a deed can only be conferred by deed, and that an act of ratification must be of the same nature required for authorization. Therefore neither could the parol instructions of the principal confer authority to execute the deed, nor his parol acts subsequent to its execution operate by way of ratification to validate it. If valid at all, it must be because of the authority to execute it conferred by the original power of attorney. Indeed, if we carry defendant's contention to its strict logical consequences, it would follow that, where the power is to sell *and* convey, a conveyance by the agent where he did not make the sale, as, for example, where the principal himself made it, would be absolutely void, because not within the power. In the books the terms "void" and "voidable" are often used interchangeably, and in considering powers to sell and convey, where the attorney has exceeded his powers as to the terms of sale, the courts not unfrequently, and somewhat inaccurately, speak of the conveyances as not being in pursuance of the power, and hence void, and passing no title to the purchaser, when they merely mean that they are voidable by the principal. If they were "void," in the strict sense of the word, they would be incapable of ratification; for acts absolutely void cannot be ratified, while those that are voidable merely may be. We think the correct statement of the law is that the power to sell, as distinguished from the power to convey, may be modified or changed by parol, and that, where the power is both to sell and convey, (the power to convey being general and without limitation,) if the agent exceeds his authority as to the terms of sale, and executes a conveyance, the deed is voidable merely, and the sale may be ratified by parol. In the present case the power to convey was general. If Johnson exceeded his authority under his power of attor-

ney, it was as to the terms of sale, and this, we think, could have been authorized by the husband and wife by parol before the sale, or ratified by parol after it.

We think there is nothing in this view which at all impinges upon the statute relating to conveyances of the real property of married women. All that it requires is that the husband join with the wife in the conveyance. If they join in a power of attorney merely to execute conveyances, and the attorney execute a deed under this power at the direction of the wife alone, upon terms of sale dictated by her, we fail to see why this would not fulfil the requirement of the statute. It would neither conflict with its spirit, nor defeat its object; for, if the real estate of the wife be converted into personalty by the voluntary act of herself and husband, the proceeds are personal property; the disposition of which rests wholly in the wife, and over which the husband has no control. For example, had Johnson sold this land for a valuable consideration in money, Mrs. Nell could have disposed of it as she pleased. She might have made a gift of it to her son, or to any one else, without the consent of her husband. If in this case Johnson, in the terms of the sale, exceeded the authority given him in the power of attorney which Nell joined his wife in executing, we think the most that can be claimed is that it was voidable, at his election, in the exercise of that supervision and control which the law gave him over the disposition of his wife's real estate. Whether he could have done this it is unnecessary to consider, for he never did do so.

A point is made that in conveying to plaintiff, instead of her husband, Johnson departed from his instructions. There is nothing in this. If Lyman C. Dayton saw fit to have the deed made to his wife instead of himself, that is a matter that neither affected nor concerned Mrs. Nell. If the power of attorney itself had imposed such a limitation upon the authority to convey, a different question would have been presented.

Judgment reversed, and cause remanded, with directions to the district court to enter judgment for the plaintiff.