ELI PALMER, Appellant, v. ALEXANDER.

Division One, April 16, 1901.

1. **Partition:** DEED TO HUSBAND AND WIFE.  A deed in parol partition, conveying to the husband and wife the lands which are rightly the wife's by descent, conveys no title to the husband.  It in fact conveys no title to her, but simply adjusts among the coparceners their rights to several possession by metes and bounds.  The title descended to the wife by operation of the statute.

2. ———: ———: CASE STATED.  Plaintiff and his sister by parol partition divided among themselves the lands inherited from their father, but by mistake the deeds described the lands as in township 47, whereas they were in township 46.  Afterwards, the sister married, and to correct this mistake new deeds were made, but this time the sister and her husband were named as grantees, and on the theory that this deed created an estate by the entirety in them, after her death plaintiff bought the land from the surviving husband.  *Held,* that the husband acquired no title to the land by the deed in partition, and hence his deed to plaintiff conveyed none.

3. **Ejectment:** NEW THEORY OF TITLE: APPELLATE PRACTICE.  Plaintiff in ejectment, who has taken nonsuit in the trial court, can not in this court assert a claim to title which was not raised in the trial court.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

AFFIRMED.

*Montgomery & Montgomery* for appellant.

(1) The legal title shown by the record was vested in the appellant. The effect of the deeds to Elizabeth and her husband was to vest in them an estate in entirety in the land in controversy, and the husband as the survivor took the whole estate. R. S. 1899, sec. 4600; Modrell v. Riddle, 82 Mo. 35. (2) This title passed to the plaintiff by the deed from Phillip Carroll. It does not lie in defendant's mouth to question the adequacy of the consideration, the deed being otherwise valid. Nor can he defeat the operative words of the deed by showing a total failure of consideration, while the deed contains on its face an acknowledgment of the receipt of a valuable consideration. Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171; Bobb v. Bobb, 89 Mo. 411; Jackson v. Railroad, 54 Mo. App. 636; Mann v. Best, 62 Mo. 497. (3) (a) There was no evidence as to what was the consideration or who paid it for the deed from Mrs. Beatty and her husband to Mrs. Carroll and her husband, or that it was in any partition of lands inherited from their ancestor. No presumption arises under these facts as to that conveyance, and the deed must be given its plain legal effect. (b) The evidence shows a simple gift of this property by Mrs. Carroll to her husband under such circumstances as would overcome any presumption of a resulting trust in her favor. Courts of equity neither create nor enforce such a trust contrary to the ascertained intention of the parties, and it being plain from the evidence that Mrs. Carroll intended the property to be deeded so that the survivor should take the

whole estate, the presumption is fully rebutted, and the intention of the parties will be carried out by giving the deed its legal effect. Morris v. Oars, 132 Mo. 236; 2 Pomeroy's Equity, sec. 1031. (4) The plaintiff showed himself one of the six heirs who inherited the land from his sister. Although the plaintiff claimed the title to the whole, yet if the evidence showed that he was entitled to only one-sixth, he is entitled to recover that undivided interest, and the court erred in sustaining a demurrer to the evidence. Gray v. Givens, 26 Mo. 291; Wilson v. Albert, 89 Mo. 537. (5) Plaintiff is entitled to have had judgment for one-half interest in the lands in controversy by reason of the conveyance to him by Philip Carroll of the one-half interest he inherited from his wife under the dower act.

*H. T. Williams* for respondent.

(1) There was absolutely no unity of title as to Elizabeth and Philip Carroll. Elizabeth's undivided interest had vested in her on the death of her father ten years before Carroll came upon the scene. The balance had vested in her by purchase with her separate money a year before she married Carroll. A mere deed of correction, made after marriage to the same lands, could not create this essential element of a joint estate. 3 Kerr on Real Property, sec. 1914; 2 Bl. Com., 181. Nor was there unity of time. 3 Kerr on Real Property, sec. 1915; 2. Bl. Com., 181. (2) The deed of November 18, 1881, from Eli Palmer to Mary H. Beatty and Elizabeth A. Palmer, and the deeds thereafter, of February 15, 1883, made in correction of the former deed, and for division of the lands at a time when said Elizabeth had married Phillip Carroll all amounted to a partition of the ancestor's estate

among those to whom it had lawfully descended. Phillip Carroll was a stranger to these interests, and could take no joint estate in his wife's property by such conveyance.

MARSHALL, J.—Ejectment for the possession of the south half of the north half of the southwest quarter of section 27, township 46, range 20, in Pettis county. The petition is in the usual form and the answer is a general denial. The trial resulted in a nonsuit, and after proper steps the plaintiff appealed.

Eli Palmer, the father of the plaintiff, is the common source of title. He died intestate in 1872, seized of two hundred and seventy-nine acres of land, and leaving as his heirs at law seven living children, Elizabeth, Mary, Eliza, David, Thomas, Eli, and Albert, who for many years held the land in common. Eli purchased the shares of Eliza, David, Thomas, and John, which with his own share gave him five-sevenths of the estate. Then Eli conveyed to his sisters Elizabeth and Mary his five-sevenths interest in two hundred of the two hundred and seventy-nine acres descended (including the land in controversy) in consideration of the sum of one thousand dollars and a conveyance by them to him of their two-sevenths interest in the remaining seventy-nine acres. This transaction took place November 28, 1881. Thereby Eli became the sole owner of the seventy-nine acres, and Elizabeth and Mary became tenants in common of the two hundred acres. At that time Elizabeth was an unmarried maiden of some fifty-nine summers. Shortly thereafter, on December 24, 1882, she married Phillip Carroll. It was afterwards discovered that the deeds between Eli and his sisters, Elizabeth and Mary, were defective in that the lands were described as being in township 47, while in fact they lie in township 46. To correct this mistake Eli and his sisters and their husbands,

on February 15, 1883, employed a lawyer to draw new conveyances. The conveyances from Eli to Elizabeth and Mary described them and their husbands as grantees. On February, 19, 1883, Elizabeth and Mary, by mutual deeds in which their husbands joined, partitioned the two hundred acres between themselves, and the land in controversy thus fell to Elizabeth. She and her husband lived together on this land for about a year, when he abandoned her and never lived with her again. She continued to reside on the land for some thirteen years after her husband deserted her. For five or six years before her death, she lived with the defendant, although it does not appear that she was divorced from Phillip Carroll or was married to the defendant. She died childless and testate in September, 1896. After her death Eli, the plaintiff, on December 4, 1896, secured a conveyance of all the land his sister owned, from her former husband Phillip Carroll, for a consideration of twenty-five dollars, and thereupon he began this action.

## I.

The case was tried in the circuit court by the plaintiff upon the theory that the deed of February, 1883, to Elizabeth and Phillip Carroll, created an estate by the entirety, and that upon the death of Elizabeth, her husband took the whole estate as survivor, and that plaintiff acquired a complete title from the husband by the deed of December, 1896.

The precise question here involved has so recently been exhaustively examined and decided, in an opinion by BRACE, P. J., in Whitsett v. Wamack, 159 Mo. 14, that nothing more remains to be said upon the subject.

It was there held that a voluntary partition conveys no new title—makes no degree. It only adjusts the rights of

the parties to the possession. Each does not take the allot-ment by purchase, but is as much seized of it by descent from the common ancestor as of the undivided share before parti-tion. [Allnat Part., 124.]

"The deed of partition destroys the unity of possession, and hence-forward each holds his share in severalty, but such deed confers no new title or additional estate in the land. [2 Bl. Com., 186.] ........ The title being already in him, the deed merely designated his share by metes and bounds, and allotted it to be held in severalty."

There the husband, the heir, directed the deed in parti-tion to be made to him and his wife, jointly, yet it was held that the wife acquired no interest, for the reason that the husband already had the title as heir and the grantors in the partition deed could not convey to him any greater estate than he had, and not having title themselves could convey none to the wife. The same is true here. The deed to Elizabeth did not give her title. She acquired title by descent. The deed only allotted her share to her by metes and bounds. Eli owned five-sevenths of the whole and Elizabeth and Mary owned two-sevenths. The deed *inter partes,* made November 28, 1881, conveyed seventy-nine acres to Eli, and conveyed two hundred acres to Elizabeth and Mary as tenants in common. Thus the equitable status of the parties was settled a year before Elizabeth married. There was a mistake in describing the land as in township 47, instead of in township 46. A court of equity could have rectified this mistake. Instead of resorting to a court, the parties settled it themselves by the deeds of February 15, 1883. By the deeds of 1881 Elizabeth and Mary acquired Eli's interest in the two hundred acres and Eli acquired their interest in the seventy-nine acres. The deed of 1883 only served to straighten out the legal title. The equitable title was already, as stated, in the respective

parties. The deed of 1883 to Elizabeth and Phillip Carroll, conferred no new title upon Elizabeth and passed no title to Phillip, save only as husband. It did not create an estate by the entirety, and Phillip did not take the whole estate at Elizabeth's death, by right of survivorship. Therefore, the deed from Phillip to the plaintiff conveyed no such title upon the plaintiff.

This disposes of the case upon the theory of the issues joined and as it was passed on by the trial court.

## II.

It is insisted, however, that the plaintiff is entitled to a judgment for an undivided one-sixth interest, in right of his heirship of his sister Elizabeth, or to a one-half interest in right of the husband's interest under the Act of 1895 (Laws 1895, p. 35), which plaintiff acquired from Phillip by the deed of December 4, 1896.

This question was not raised in the trial court, and hence it is not open to review here. It appears from the record that Elizabeth left a will by which the land was devised to the defendant, although the will is not in evidence, the defendant never having been required to prove his case on account of the nonsuit. The case is therefore not in shape to intelligently pass upon these claims, and the circuit court never had an opportunity to do so, the plaintiff having tried the case in that court upon the theory that he was entitled to recover the whole estate as assignee of Phillip's estate in right of survivorship.

For these reasons the judgment of the circuit court is affirmed.

All concur.