Worrell v. Drake.

C. WORRELL *et al. v.* W. F. DRAKE.

(*Jackson.* April Term, 1903.)

HUSBAND AND WIFE.    Wife's conveyance of her land held as general estate to husband is void, unless she belongs to specific classes authorized by statute to convey.

The deed of a married woman, living with her sane husband, conveying to him her land held by her as her general estate, with her privy examination duly taken, but signed by her alone, is void. Only such married women as have abandoned their husbands, or have been abandoned by their husbands, or where the one fails or refuses to cohabit with the other, or whose husbands are insane, are authorized and empowered by our statutes (Acts 1869-70, ch. 99) to convey their land held as a general estate.

Case cited and approved:    Giffin v. Giffin (Court of Chancery Appeals (37 S. W., 710).

Case cited and overruled:    Molloy v. Clapp, 2 Lea, 586, 588-589.

Statutes cited and construed:    Acts 1869-70, ch. 99, secs. 1 and 6; Code, sec. 4242 (S.)

FROM CROCKETT.

Appeal from the Chancery Court of Crockett County. —A. G. HAWKINS, Chancellor.

C. E. JERMAN, for complainants.

MCFARLAND & BOBBITT, C. A. GOODLOE and W. W.
CRAIG, for defendant.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action brought in the chancery court of
Crockett county by the heirs at law of Mrs. Nannie A.
Drake, deceased, to recover of her surviving husband,
the defendant, W. F. Drake, a tract of land, her general
estate, which she during the marriage had conveyed to
her husband, her privy examination having been taken,
but the deed having been signed by her alone. The
chancellor held that the conveyance was void, and gave
the complainants relief.

There was no error in the decree. This exact ques-
tion was decided by this court in the case of *Giffin* v.
*Giffin,* at the September term, 1896. No written opin-
ion was filed by this court, but the opinion of the court
of chancery appeals (37 S. W., 710), which presents
that single point, was affirmed. That case contains a
full discussion of the subject.

Complainants' counsel seem to have been misled by a
dictum of MCFARLAND, J., in *Molloy* v. *Clapp,* 2 Lea,
586, 588, 589, which intimates a contrary view as the
proper construction of the act of 1869-70, page 113,
chapter 99. What was there said, however, upon the
subject of the general estate of the wife, was pure dic-

tum, the question before the court being the wife's power to convey her separate estate. In making the deliverance referred to, Judge MCFARLAND overlooks the sixth section of the act referred to, which reads as follows: "The provisions of the act, except the provision of the third section of this act, shall apply to and embrace only such *femes covert*, or married women, as have abandoned their husbands, or whose husbands may be *non compos mentis*, insane, or of unsound mind, and also to such married women, or *femes covert*, whose husbands may fail or refuse to cohabit with or have abandoned such married women, or *femes covert*," etc. The section on which Judge MCFARLAND based the remarks relied on was the first, which reads as follows: "That married women over the age of twenty-one years, owning the fee or other legal or equitable interest or estate in real estate, shall have the same powers of disposition, by will, deed or otherwise, as are possessed by *femes sole*, or unmarried women." But it is seen that the generality of this language is confined by the sixth section to certain specific classes of married women. Mrs. Nannie A. Drake did not belong to either one of these excepted classes when she attempted to make the deed referred to. Hence her deed was void, and the complainants, as her heirs at law, are entitled to recover the land.

Affirm the decree.