## Wicker v. Durr, Appellant.

*Husband and wife—Deed by wife to husband—Nonjoinder of husband.*

1. A married woman cannot make a valid conveyance of her separate real estate by deed to her husband as grantee, which she alone signs, seals and acknowledges but which he accepts and places upon record.

2. Neither the Act of April 11, 1848, P. L. 536, nor the Act of June 8, 1893, P. L. 344, changed the provisions of the Act of February 24, 1770, 1 Sm. L. 307, requiring a husband to join in the conveyance of a wife's real estate.

Argued April 21, 1909. Appeal, No. 81, Jan. T., 1909, by defendants, from judgment of C. P. Blair Co., Oct. T., 1908,

No. 79, on case stated in suit of John H. Wicker et al. v. Henry Gustave Durr and George Chadams, terre-tenant. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine title to real estate. Before SHULL, P. J., specially presiding.

The record disclosed that the land in question was conveyed to Anna M. Davis; subsequently she married Ferdinand Durr and thereafter she executed, sealed and delivered a deed to him for the property which he placed of record. Ferdinand Durr died and devised the property to Henry Gustave Durr; Anna M. Durr died intestate leaving the plaintiffs as her heirs at law.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*R. A. Henderson,* for appellants.

*F. J. F. Confer* and *A. W. Porter,* for appellees.

PER CURIAM, June 22, 1909:

The only question raised by the appeal is whether a married woman can make a valid conveyance of her separate real estate by deed to her husband as grantee, which she alone signs, seals and acknowledges but which he accepts and places upon record. It has been uniformly held that a married woman has no power to convey her real estate except in the precise mode prescribed by the statute conferring the power. Her power to convey is conferred by the statute, and the mode pointed out by it is imperative: Trimmer v. Heagy, 16 Pa. 484. Neither the Act of April 11, 1848, P. L. 536, nor the Act of June 8, 1893, P. L. 344, changed the provisions of the Act of February 24, 1770, 1 Sm. L. 307, requiring a husband to join in the conveyance of a wife's real estate. The acts of 1848 and 1893, materially enlarged a married woman's control of her separate estate, but they left undisturbed the mode of its exercise in the conveyance of her real estate. The latter

act expressly preserved it by the provision that "She may not mortgage or convey her real property unless her husband joins in such mortgage or conveyance:" Bingler v. Bowman, 194 Pa. 210.

The judgment is affirmed.