HUFFSTUTLER & HOWELL v. McKENZIE.

(Court of Civil Appeals of Texas. Austin. Jan. 14, 1914. Rehearing Denied Feb. 18, 1914.)

1. INDEMNITY (§ 13*)—IMPLIED CONTRACT—JOINT TORT-FEASORS.

That the execution of a sublease without the landlord's consent was in violation of statute did not render the lessee and sublessees joint tort-feasors in respect to damages done by the sublessees' stock, so as to preclude the lessee from compelling the sublessees to reimburse him for a sum which he had been compelled to pay the landlord on account of such damages.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

2. INDEMNITY (§ 13*)—ACTION AGAINST SUBLESSEE—DEFENSE—INVALIDITY OF SUBLEASE.

In a lessee's action against his sublessee for damages to his crop by the sublessee's stock, in violation of the sublease, and also for redress for damages done to the crops of his co-tenants, which damages he had been compelled to pay by suit of the landlord, it was no defense that the sublease was invalid under Rev. Civ. St. 1911, art. 5489, declaring that a tenant cannot sublet without the landlord's consent; such sublease not being void, but merely voidable at the landlord's option, and hence subject to ratification by him, and, irrespective of this, plaintiff's suit not being to recover rent under the contract, but merely to recover the damages done by stock.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

Appeal from Milam County Court; John Watson, Judge.

---

Action by N. H. McKenzie against Huffstutler & Howell. From a judgment for plaintiff, defendants appeal. Affirmed.

W. D. Taylor, of Waco, M. G. Cox, of Cameron, and Thos. V. Adams, of Buckholts, for appellants. John B. Durrett, of Belton, and A. D. Dyess and Edmund Heinsohn, both of Temple, for appellee.

RICE, J. In the year 1910 appellee rented a part of the M. L. Hallenbeck farm in Milam county, consisting of 110 acres of land in cultivation and about 135 acres in pasture; the remainder of said farm being rented to other persons. During the fall of said year appellee, without the consent of Hallenbeck, made a contract with Huffstutler & Howell, whereby, in consideration of $100, he agreed to permit them to place in said pasture and a part of said cultivated land so rented by him about 300 head of cattle to remain not longer than 30 days, agreeing to extend a certain fence between his land and that of other tenants on said premises; they obligating themselves to keep herders with said cattle, and prevent them from depredating, either upon his own crops or those of the other tenants, and to indemnify appellee against such depredations and pay any damages that might result from their failure so to do. The cattle were placed on said premises for pasture, in accordance with said agreement, and, notwithstanding herders were furnished, they failed to prevent said cattle from depredating upon said crops, whereby the crops both of appellee and other tenants of Hallenbeck were injured and destroyed. Prior to the institution of this suit Hallenbeck brought suit against appellee, and recovered $150 for injury done by said cattle to the crops of his other tenants, in which he was interested; and this suit was brought by appellee against appellants to recover said sum, as well as $100 damages claimed to have been done to his own crops by said cattle, on account of appellants' failure to protect said crops from depredation, as they had agreed to do. Appellants answered by plea to the jurisdiction, general demurrer, and general denial, and interposed the further plea that, since they were joint tort-feasors with appellee, he was not entitled to recover, and, further, that the contract sued upon was void, on the ground that a tenant cannot sublet without the consent of his landlord. A jury trial resulted in a verdict and judgment in behalf of appellee for the entire amount claimed, from which this appeal is prosecuted.

[1] The first assignment urges that the court erred in overruling appellants' plea to the jurisdiction, insisting that the evidence showed that, since plaintiff and defendants were joint tort-feasors, he was not entitled to recover the $150, hence only $100 was in controversy, and therefore the court had no jurisdiction. We think this plea was properly overruled, because the evidence does not show that appellee was a joint tort-feasor with appellants.

[2] The second assignment urges that the court erred in failing to sustain appellants' general demurrer to plaintiff's first amended original petition, on the ground that the contract sued upon was void, and therefore unenforceable. This contention is based upon the theory that, since the statute (Sayles' Statutes 1897, art. 3250 [R. S. 1911, art. 5489]) declares that a tenant cannot sublet the premises without the consent of the landlord, that a contract made in contravention of this statute is void, and therefore unenforceable. Such contract, in our judgment, is not void, but merely voidable, because the landlord had the right to ratify or confirm at his option. See Wildey Lodge v. City of Paris, 31 Tex. Civ. App. 632, 73 S. W. 70; Betts v. Dick, 1 Pennewill (Del.) 268, 40 Atl. 185. In such cases it is generally held that a contract is voidable instead of void. See 8 Words and Phrases, p. 7333, where it is said: "A thing strictly void in the technical sense of the word is incapable of ratification, while those that are merely voidable may be ratified"—citing Dayton v. Nell, 43 Minn. 246, 45 N. W. 231. In the same volume it is further said; "A contract is void when it is a nullity, binding on no party, and unsusceptible of ratification. When either party is bound, or it may be confirmed, it is only voidable. Breckenridge's Heirs v. Ormsby, 24 Ky. [1 J. J. Marsh.] 236, 19 Am. Dec. 71."

In the present case the landlord could have ratified the contract, if he had seen fit, and hence it was merely voidable. Irrespective of this view, however, appellee was entitled to recover, for the reason that he was not suing to recover rents under the contract, but merely to recover such damages as he suffered by reason of the depredation of said stock on his own crops, and likewise to obtain redress for the damages done to the crops of his cotenants, which he had been compelled to pay by suit of the landlord, on account of the failure of appellants to protect them in accordance with their agreement so to do. In discussing restrictions imposed upon subletting premises by tenants, it is said, in 24 Cyc. p. 968, that: "Restrictions against assignment or subleases, whether imposed by statute or by the terms of the lease, are intended for the benefit of the lessor and his assigns, and, if neither of these object to a breach of the restriction, no one else may do so. One to whom the term has been assigned in breach of the restriction cannot set up the breach in defense of an action brought against him by the lessor on the lease, or in defense of an action brought against him by the lessee on obligations incident to the assignment." See, also, note, citing authorities fully supporting text.

No one, we think, except the landlord could complain of the illegality of the lease made by his tenant. See Moore & Rolla v. Graham,

29 Tex. Civ. App. 235, 69 S. W. 200, holding that, "where a creditor levies upon crops growing on the debtor's homestead, who claims damages therefor, the creditor cannot, in defense, raise the issue whether the debtor, who is a sublessee of the premises, is occupying without the consent of the landlord." See, also, Montecon v. Faures et al., 3 La. Ann. 43, where it is said: "A stipulation that the lessee shall not sublet the premises without the written assent of the lessor is for the exclusive benefit of the latter, and, if he does not take advantage of it, no one else can."

It does not lie in the mouth of appellants to make this complaint; they cannot take advantage of their own wrong. To permit them in this case to urge such a defense would be to allow them to say: "We got possession of the premises by contract. We are not declining to pay you for the benefit of the lease, but while in possession it is true we permitted our cattle to depredate on your own land and the land of your cotenants, which we bound ourselves to protect; still, since you had no right under the law to sublet, notwithstanding the landlord is not objecting, we are not liable to you for the trespasses committed by our cattle in contravention of our agreement." This defense is not tenable, and is not sanctioned in morals or in law. We therefore hold that the demurrer was properly overruled.

The twelfth assignment, urging that the court erred in not submitting the question whether or not plaintiff and defendants were joint tort-feasors, cannot be sustained, because the evidence did not justify the submission of such issue for the consideration of the jury.

The charge was not upon the weight of evidence, as insisted by appellants' fourteenth assignment, but is a clear presentation of the issues arising under the evidence, and therefore not subject to the complaint made against it in this respect.

The remaining assignments have been considered, but are regarded as not well taken, and hence are overruled.

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.