J. S. Bailey *et al. v.* J. W. Apperson.

(*Jackson.*   April Term, 1916.)

**HUSBAND AND WIFE.   Deed by wife to husband.**

Prior to Laws 1913, chapter 26, giving married women the same rights as to their property as if single, real estate held by a married woman as her general estate could not be conveyed to her husband by her deed, in which he joined, duly acknowledged by privy examination.

Acts cited and construed:   Acts 1913, ch. 26.

Cases cited and approved:   Nunnely v. Doherty, 9 Tenn., 27; Egnew v. Cochrane, 39 Tenn., 320;   Gillespie v. Worford, 42 Tenn., 638;   Moseby v. Partee, 52 Tenn., 26;   Giffin v. Giffin, 37 S. W., 710;   Worrell v. Drake, 110 Tenn., 303;   Molloy v. Clapp, 70 Tenn., 586;   State v. Russell, 1 Tenn. Chy. App., 554;   Jones v. Ducktown, etc., Iron Co., 109 Tenn., 375;   Guion v. Anderson, 27 Tenn., 298;   Corley v. Corley, 67 Tenn., 8;   Ables v. Ables, 86 Tenn., 339;   White v. Wager, 25 N. Y., 328;   Wicker v. Durr, 225 Pa., 305.

Cases cited and distinguished:   Cope v. Meeks, 40 Tenn., 387; Weihl v. Roberston, 97 Tenn., 458;   Alexander v. Shalala, 228 Pa., 297.

Code cited and construed:   Sec. 3753, 4240-4246 (S.).

---

FROM SHELBY

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Wm. H. Fitzhugh, Special Chancellor.

R. P. CARY and JNO. VORDER BRUEGGE, for complainants.

JNO. BROWN, for defendant.

MR. A. R. GHOLSON, Special Judge, delivered the opinion of the Court.

The question presented in this case is whether or not before chapter 26, Acts of 1913, became operative, a married woman, by deed in which her husband joins, duly acknowledged by privy examination, could convey to him real estate held by her as her general estate.

The act of the General Assembly of North Carolina, in 1789, ceding the territory which now composes the State of Tennessee, provided that the laws then in force and in use in North Carolina should be and continue in full force in the territory ceded until the same should be repealed or altered by the legislative authority of said territory. This act of cession was accepted by the Congress of the United States April 2, 1790. *Nunnely* v. *Doherty*, 1 Yerg., 27.

By our Constitutions, adopted in 1796 and 1834, it was provided that all the laws then in force in the territory previous to 1796, and those in Tennessee previous to 1834, not inconsistent with those instruments, respectively, should continue in force until they should expire, be altered, or repealed by the General Assembly. *Egnew* v. *Cochrane*, 2 Head, 320.

In the case of *Cope* v. *Meeks*, 3 Head, 387, Judge McKinney, among other things said:

"By the common law, the conveyance of a *feme covert,* except by matter of record, was absolutely void. The only modes in which she could convey her real estate were by fine and common recovery. 2 Kent's Com., 150. These methods of passing the freehold estate of the wife were never in use in this State. The act of 1715, chapter 28, substituted a deed, jointly executed by husband and wife, and acknowledged in the from prescribed, instead of the common-law modes of conveyance, and in no other way can the wife's estate pass, under our law. It is indispensable that the husband shall be a party to his wife's conveyance. She has no power, under the statute, to convey by her own deed; and such a conveyance is simply a nullity. 2 Kent's Com., 154; 2 Story's Eq. Jur., sections 1391, 1392, and notes. The reason why the husband was required to join with his wife in the conveyance was that his assent might appear upon the face of it, and to show he was present to protect her from imposition."

In the case of *Gillespie* v. *Worford,* 2 Cold., 638, it was stated that by the general principles of law a married woman during coverture was disabled from entering into any contract, respecting her real property, either to bind herself or to bind her heirs, and that such disability could be overcome only by adopting the precise means, allowed by law to dispose of her real estate, as in England by fine and in America by a solemn conveyance. This principle was quoted from 2 Story's Equity Jur. section 1391. In this case it was held that

a married woman could not authorize a conveyance of real estate by executing a power of attorney either to her husband or to any one else.

Mr. Chief Justice Nicholson, in the thoroughly considered case of *Moseby* v. *Partee,* 5 Heisk., 26, reviewing all the cases up to that time, as well as the act of 1715, and all amendments thereto, carried into Shannon's Code as section 3753, *et seq.,* held that a married woman could not bind herself to convey her estate of inheritance by title bond, although her husband joined in the execution of the instrument, and her privy examination thereto was regularly taken. Special attention is called to the fact that Mr. Chief Justice Nicholson in that opinion considered the legislative construction of the term, "sales of land," as well as the judicial construction, and stated that they had been uniformly the same.

Mr. Chief Justice Neil, when a member of the court of chancery appeals, rendered a very exhaustive opinion in the case of *Giffin* v. *Giffin,* 37 S. W., 710, reviewing in his thorough manner all authorities applicable to the question under consideration, and held that a deed to her general estate in land executed by the wife alone to her husband was void, although her privy examination had been regularly taken.

The case of *Giffin* v. *Giffin,* supra, was quoted approvingly by the same learned judge in the case of *Worrell* v. *Drake,* 110 Tenn., 303, 75 S. W., 1015, wherein it was again held that a married woman during coverture, by deed, duly signed and acknowledged by

her alone, could not convey her general estate in lands to her husband. This case cited, overruled, and held as dictum the opinion of Judge McFarland in *Molloy* v. *Clapp*, 2 Lea, 586, in so far as the latter case treated of the subject of the general estate of the wife; the question before the court in that case being the wife's power to convey her separate estate.

Learned counsel for complainants have insisted that section 3753 of Shannon's Code is very broad and does not except a deed from the husband and wife to the husband, and that in order for this court to hold that such deed can be made, it will have to ingraft such exception upon said section.

We find that the acts of the legislature at various sessions, carried into Shannon's Code as sections 4240 to 4246, inclusive, show that it was the legislative intention to give married women certain additional rights and powers over their property when they were abandoned by their husbands, driven from their homes, or were living separate and apart, or where the husband had been ascertained to be insane.

Section 4246 authorizes married women over twenty-one years of age, owning separate estates, to dispose of same by deed, will, or otherwise, as if unmarried, provided a certain character of privy examination is had, and provided, further, that the power of disposition is not expressly withheld in the deed or will under which they hold the property.

Evidently it was the purpose of the legislature, in passing these acts, to give married women who came

within the classes mentioned rights and powers that were not to be extended to those who did not come within such classes. It must have been considered by the legislature that as to those named in such acts the husband was not, or could not be, present and give his assent thereto and protect his wife from imposition, and that in so far as the wife's separate estate was concerned, it having been given to her as her separate estate, she did not need the advice and protection of her husband, and his assent to its conveyance was unnecessary. Moreover, the rights of the husband in the wife's separate estate are frequently quite different and much less than his rights in her general estate.

Where a wife is the owner of an estate in fee, the husband has a freehold in the land *jure uxoris*. *State v. Russell*, 1 Tenn. Chy. App., 554.

By marriage the husband gains an estate of freehold in the inheritance of his wife in her right, which may continue during their joint lives, and may, by possibility, last during his own life. He is not, however, solely seized, but jointly with his wife. The technical phraseology of the common-law pleaders to express the interest of the husband in the estate of the wife was "that the husband and wife are jointly seised in right of the wife." *Jones* v. *Ducktown, etc., Iron Co.*, 109 Tenn., 375, 71 S. W., 821; *Guion* v. *Anderson*, 8 Humph., 298; *Corley* v. *Corley*, 8 Baxt., 8.

The husband has the ancient right, as governor of the family, to control his wife's land held otherwise

134 Tenn. 46

than as her separate estate; and therefore he may dispossess a tenant to whom she has leased her lands thus held without his consent. *Ables* v. *Ables*, 86 Tenn., 339, 9 S. W., 692.

It therefore can be clearly seen why, as the law was prior to the act of 1913, the husband was a necessary party as grantor in the deed with his wife conveying her general estate.

In the case of *Weihl* v. *Robertson*, 97 Tenn., 458, 37 S. W., 274, 39 L. R. A., 423, in an opinion by Judge Beard, it was said:

"The definition of a deed that it 'is a writing sealed and delivered by the parties' (Coke's Lit., 171; 2 Bl. Com., 295) makes it essential, for an instrument to operate as such, that there should be both a grantor and a grantee. So that a conveyance uncertain as to the person intended as grantee, as, for instance, where a grant is made to a 'neighborhood.' . . . or to one who is dead at the time of its execution, . . . or to a person purely fictitious, . . . is inoperative and void (citing authorities)."

Many courts in various States have held it to be the general rule, where a statute requires both the husband and wife to join in a deed of her propety, that a conveyance by the wife directly to the husband is ineffective, and this upon the ground that the husband cannot be both grantor and grantee. See authorities cited in note on page 844, 31 L. R. A. (N. S.).

In the well-considered case of *Alexander* v. *Shalala*, 228 Pa., 297, 77 Atl., 554, 31 L. R. A. (N. S.), 844, 139

Am. St. Rep., 1004, 20 Ann. Cas., 1330 (under which the above note will be found) it was said:

"The controlling question in this case is, Can a married woman when her husband joins in the deed as a grantor make a valid conveyance of her real estate directly to such husband as grantee? While the married woman's property acts of the different States are not precisely alike in phraseology, they are all directed to the same end; and, when they contain such a requirement, such as in the act of June 8, 1893 (P. L. 344), that the husband shall join in the deed of the wife, the thought seems to be general (where the point has been raised) that a direct conveyance from the wife to the husband is void even though joined in by him (citing authorities). And it has been so held in New York under a statute which did not contain the requirement. *White* v. *Wager*, 25 N. Y., 328. It is true that in a number of jurisdictions the opposite rule has been adopted (citing authorities), but the statutes in those States do not require the husband to join in the deed.

"The common law considered the husband and wife so nearly one that the husband could neither directly convey to his wife nor be a direct grantee from her. 21 Cyc., 1284, 1291. To render such a conveyance from the wife to the husband valid, the statute must not only expressly confer the power upon her, but it must thereby remove his common-law disability (citing authorities). And the fact that a valid conveyance can be made indirectly through the medium of a third person will not alter the rule (citing authorities). However

interesting, it will serve no useful purpose to theorize upon this subject. The question is one of public policy for the lawmaking power of the State, and up to this time our legislature has not seen fit to go as far as the appellees contend. In *Wicker* v. *Durr*, 225 Pa., 305, 74 Atl., 64, a married woman made and delivered a deed to her husband, signed by herself alone, and we held it void, saying: 'The acts of 1848 and 1893, materially enlarged a married woman's control of her separate estate, but they leave undisturbed the mode of its exercise in a conveyance of her real estate.' We are of opinion that there is no statute in Pennsylvania which authorizes or permits a direct conveyance of the wife's real estate to her husband, and the deed in question should have been held unauthorized and void.''

*Alexander* v. *Shalala,* 31 L. R. A. (N. S.), pages 845, 846, 847.

It will be seen from the case just quoted, from the authorities therein cited, as well as those cited in the note under it, that the great weight of authority in all the States is to the effect that in those States where the statute requires that the husband join his wife in conveying her general estate, she cannot execute a valid deed therefor to her husband, even though he joins with her.

It will be observed from the rule announced in *Moseby* v. *Partee,* 5 Heisk., 26, supra, as well as many subsequent cases in Tennessee, following the rule therein laid down, that the disability of a married woman can only be overcome by adopting the precise means al-

lowed by law to dispose of her real estate.  She has power to convey, but only in a specific mode, and no conveyance by her can be valid that does not strictly pursue the mode pointed out by statute for the execution of such power.

However much we might wish to hold otherwise, we are of opinion that it was not the legislative purpose in this State to authorize a married woman, even though joined by her husband, with proper certificate of privy examination, to convey her general landed estate to her husband.  We are further of opinion that until so authorized by the legislature, such power does not exist.  The question involves a property right which has come down to us with our titles to real estate, and we do not feel that we have the authority to disturb it.

We therefore hold that the deed in question, executed by Mrs. Apperson to her husband on September 28, 1908, was void and ineffectual to convey title to him in the land described therein.

The other questions involved in this case having been disposed of orally against the contention of the complainants, the writ of *certiorari* is denied.