JOHN L. SAMPLES et al. v. SAM SAMPLES et al.

Eastern Section.   May 14, 1928.

Petition for Certiorari denied by Supreme Court, December 8, 1928.

Dannel & Cassady, of Loudon, for appellants.
Peace & Sloan, of Madisonville, for appellees.

DeWITT, J.   The determinative issue in this cause is whether W. H. Jenkins or his wife, Mary A. Jenkins (later Vincent) died the owner of a two-thirds undivided interest in a tract of eighty acres of land, described in the bill. (After the death of W. H. Jenkins she

was married to one Vincent.) The original bill was filed by John L. Samples and others to obtain a sale for partition of said land, except four acres previously sold therefrom.

The contest is between Sam Jenkins, claiming by inheritance from his father W. H. Jenkins, and complainants, nieces and nephews of Mary Jenkins, later Vincent, claiming under her will. If, therefore, she was the real owner, this interest is owned by her said devisees; but if her former husband, W. H. Jenkins, was the owner, it is the property of Sam Jenkins.

W. H. Jenkins died in 1917 and Mary A. Vincent died in 1924.

The land was originally a part of a larger tract of one hundred and sixty acres.

On August 25, 1904 this whole tract was owned as follows:

John L. Samples, a one-half interest (one-third interest by purchase from his father, S. H. Samples, one-sixth interest by purchase from Sarah Samples).

Mary Jenkins (later Vincent), a one-third interest (by inheritance from her father, William Samples, Sr.).

W. H. Jenkins, a one-sixth interest (purchased from Sarah Samples).

The day after said date, August 26, 1904, W. H. Jenkins and Mary Jenkins, by warranty deed, conveyed to John L. Samples, eighty acres of said land, reciting a consideration of $525 paid to them in cash. The land is described in said deed as follows:

"Bounded on the north by J. L. Johnston's heirs, on the west by W. H. Jenkins, on the south by Jenkins and Cunningham heirs; on the east by S. Y. Hall; it being one-half of the old W. H. Samples, Sen. farm."

On the same day, August 26, 1904, John L. Samples, by warranty deed, conveyed to W. H. Jenkins eighty acres of said land, reciting a consideration of $525 paid to him in cash. The land is described in said deed as follows:

"Bounded on the north by J. L. Johnston's heirs, on the west by F. L. and J. N. Johnston, on the south by the Cunningham heirs, on the east by J. L. Samples, it being one-half of the old William Samples farm."

The Chancellor found that no pecuniary consideration passed between the parties under these deeds; that they were executed for the purpose of partition of the land, giving to John L. Samples his one-half in severalty, and the other one-half to W. H. Jenkins and Mary Jenkins, W. H. Jenkins taking one-third of this one-half as a substitute for his one-sixth of the whole, and Mary Jenkins taking two-thirds as a substitute for her one-third of the whole. He found that if the deed from John L. Samples passed any interest whatever to W. H. Jenkins, that is any interest owned by Mary Jenkins, it was only in trust, and that W. H. Jenkins held such interest, that is, two-

thirds, in trust for his wife, Mary Jenkins. He found that W. H. Jenkins on divers and various occasions recognized and treated the land so conveyed to him by Samples as in part belonging to his wife Mary Jenkins; that in fact and in law it was her land at the time of the conveyance in 1904; that if ever there was an adverse claim by W. H. Jenkins to the interest, or moiety of, Mary Jenkins brought to her knowledge the record does not show it; and that no adverse possession was ever had against Mary Jenkins.

The defendants pleaded that John L. Samples was estopped by his deed to question the absolute title of W. H. Jenkins. Samples testified that he was not concerned as to who should be named as grantee and that he really did not know at the time who was so named; that he did not read over the deed but understanding that it was a conveyance of the other eighty acres to the other parties owning it he executed the deed. His act in executing this deed does not appear to have misled Mary A. Jenkins into accepting it without her name appearing as grantee, and therefore the essential element of equitable estoppel that the other party must have been led to his injury by the act of the party sought to be estopped, is wanting. The assignment of error raising this insistence is overruled.

The finding that no pecuniary consideration passed between the parties to these deeds rests upon the testimony of John L. Samples, which is very positive to that effect, and upon the nature and circumstances of the transactions themselves. It is manifest that these two deeds operated as a partition of these lands; that John L. Samples had set apart to him in severalty one-half of the land, and that the other half was set apart to W. H. and Mary A. Jenkins. The draftsman of the deed is deceased, but there is undisputed testimony that at the time of the execution of the deed he told the parties that on account of the form which he was using, calling for a monetary consideration it was necessary to state one in each deed, and that this satisfied the parties. Clearly, even if money passed it was merely an exchange of monies of the same amount. The fact that this was a division of the 160 acre tract by John L. Samples taking in severalty his one-half, would of itself corroborate the testimony of Samples. It was plainly a partition of the land.

A mere deed of partition conveys no title but merely severs the unity of possession, and the husband or wife of a cotenant named as a grantee in the partition deed acquires thereby no greater title or interest in the property than he or she had before the partition. It only adjusts the rights of the interested parties to the possession. It makes no new title or change in degree of title. Each does not take the allotment by purchase but is as much seized of it as of the undivided share before partition. Allnatt, Partition, 124; 2 Bl. Com., 186; Cottrell v. Griffiths, 108 Tenn., 191, 65 S. W., 397, 57 L. R. A., 332, 91 Am. St. Reps., 748; Whitsett v. Wamack, 159 Mo., 14, 59

S. W., 961; 81 Am. Reps., 339; Palmer v. Alexander, 162 Mo., 127, 62 S. W., 691; Carson v. Carson, 122 N. C., 645, 30 S. E., 4; Davis v. Davis, 46 Pa., 342; Jackson v. Cary, 16 Johns., 302; Harrison v. Ray, 108 N. C., 215, 12 S. E., 993, 11 L. R. A., 722. In Jones v. Jones, 150 Tenn., 554, 266 S. W., 110, the case of Cottrell v. Griffiths was held to be correctly decided; but as the instrument under consideration in the Jones case was something more than a mere partition deed, being part of the family settlement, the two cases were distinguished and Cottrell v. Griffiths was held not to be an apposite case.

Therefore Mary A. Jenkins by this transaction was not divested of any of her interest in this land. The insistence that W. H. Jenkins acquired title under the deed by adverse possession against her is not sustainable upon the facts nor under the law. The evidence does not support the contention that he ever tried to maintain such adverse possession. He was both the husband and a cotenant of Mary A. Jenkins. They lived on the land together for part of the time and then rented it out and divided the rents between them. Under such circumstances a husband cannot assert a claim to the interest of his wife on the ground of adverse possession as against her. Smith v. Cross, 125 Tenn., 159, 140 S. W., 1060, 30 C. J., 580.

The aforesaid rule under which Mary A. Jenkins is held not to have been divested of her interest could not in any event be held to be non-applicable on the ground that Mary A. Jenkins sanctioned the designation of her husband as grantee and intended that her interest in the land should be vested in him.

The weight of the evidence supports the contention that W. H. Jenkins did not claim to own the entire interest or shares in this tract of land, but that several times he made efforts to procure his wife to divide this eighty-acre tract by setting apart to him his one-third interest; and that she would never consent to such a division. It shows that he claimed from twenty-five to twenty-eight acres as about his one-third interest in this eighty acre tract, or his one-sixth interest in the original tract of 160 acres. He offered money to John L. Samples and to A. T. Brookshire to obtain their efforts in inducing his wife to agree to this division of the land. It is true that W. H. Jenkins told Brookshire and perhaps others that he had a deed for the entire eighty acres, and there is no dispute over this, but such a statement was not inconsistent with the recognition that his wife really had an interest in the land. It appears that when the deed to W. H. Jenkins was prepared, Mrs. Jenkins understood that the deed was to be made to her and her husband in the proportions of their respective interests, that she told the draftsman that she wanted her name mentioned in the deed so that her husband could not deprive her of her interest, and that the draftsman told her that anyhow she could hold that interest as she had inherited it and nobody could take it away from her; that one Mr. Moser, a neighbor, came along about

this time and upon being asked by her about it he assured her that she could hold her interest, and that upon these assurances she became satisfied that her interest was secure, although W. H. Jenkins solely was named. No one of these people was a lawyer. It appears further that the land was rented out to one or more tenants and that the rent was divided between Mr. and Mrs. Jenkins, she always insisting on getting her part of it. These very important facts support the conclusion that Mary A. Jenkins never consented that any of her interest in this eighty acre tract should really pass from her and become the property of W. H. Jenkins.

For the purpose of showing such intention the appellant introduced a letter written to him by his father, W. H. Jenkins on March 9, 1917, shortly before his death, the material part of which is as follows:

"Madisonville, March 9, 1917.

"Dear Sam:

(Omitting the immaterial portion)

"Sam send me those deeds. John Samples is telling that I have no deeds. He has broken up two or three trades. I want to show how the land is. He wants the land but don't want to pay for it. I think now I am going to get a trade when I show my deeds. I will send them back soon. You keep the will, just send two deeds."

This letter indicates that W. H. Jenkins thought that he might sell the land because the legal title was in him, but it does not disprove the original agreement and understanding, nor does it show that if he should succeed in selling the land to some purchaser who did not know of the interest of his wife, he would not have to account to her for two-thirds of the proceeds; nor does it seem to recognize that if he were the sole owner of the eighty acre tract his wife would have to join with him in the deed in order to convey her homestead interest.

In this view of the case, the propositions insisted upon, by the appellant, and the authorities relied on by him, are not applicable and cannot be sustained. It was not essential to prove by oral testimony what was the intention of the parties in executing and delivering the deeds and therefore the admission of the testimony of Samples as to such intention or understanding was not erroneous.

It results that there is no error in the Chancellor's holding that Mary A. Vincent died the owner of an undivided two-thirds interest in the land involved, and the decree of the Chancellor is affirmed. The cause will be remanded to the chancery court of Monroe county for further proceedings under the prayers of the original bill. The costs of the appeal will be adjudged against the appellant and the surety on his appeal bond.

Faw, P. J., and Peck, Special J., concur.