## SAMUEL JENKINS, et al. v. JULIA JENKINS.

Middle Section. December 23, 1929.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

W. H. Crowell, of Shelbyville and Joseph C. Higgins, of Nashville, for appellants, Samuel Jenkins, et al.

Stokes & Stokes, of Nashville, for appellee, Julia Jenkins.

CROWNOVER, J. This was a suit by the brothers and sisters and the children of a deceased sister, heirs at law of George W. Jenkins, deceased, to recover of his widow, Julia Jenkins, an undivided one-half interest in a house and lot on Eighteenth avenue, north, in the City of Nashville.

Defendant Julia Jenkins answered that the deed was void because she was under coverture when she executed the deed to her husband, and she filed a cross-bill to have said deed declared void and set aside as a cloud upon her title, and asked for homestead in another house and lot. The cross-defendants pleaded seven and twenty years adverse possession, acquiescence and laches.

The Chancellor dismissed the original and amended bills as to this property and sustained the cross-bill, from which decree the complainants appealed and have assigned many errors.

Julia Jenkins was a widow and married George W. Jenkins in the year 1904. She owned said house and lot on Eighteenth avenue, north, which was a part of her general estate at the time she was

married. In 1906, at the request of her husband, George W. Jenkins, she conveyed a one-half undivided interest to him, in consideration of his repairing the said house, which they afterwards occupied as a home until his death in 1924.

We are of the opinion and hold that the deed executed by a wife to a husband before the Act of 1913, chapter 26, was void. Giffin v Giffin, 37 S. W., 710; Worrell v. Drake, 110 Tenn., 303, 75 S. W., 1015; Bailey v. Apperson, 134 Tenn., 716, 719, 185 S. W., 710; Taylor v. Swafford, 122 Tenn., 303, 123 S. W., 350; Hicks v. Sprankle, 149 Tenn., 310, 257 S. W., 1044.

Appellants pleaded seven and twenty years adverse possession and insist that the Chancellor was in error in holding that there was no adverse possession. We are of the opinion that there was no error in the decree of the Chancellor in this respect. The husband and wife jointly occupied this property from 1906 up to his death in 1924, and there is not a syllable of proof that he attempted to hold this property adversely to her, but they jointly lived in the house on said property and the possession was in common. Under such circumstances a husband cannot assert a claim to the interest of his wife on the ground of adverse possession as against her. See Samples v. Samples, 8 Tenn. App., 211; Smith v. Cross, 125 Tenn., 159, 140 S. W., 1060; 30 C. J., 579-581; Battle v. Claiborne, 133 Tenn., 286, 180 S. W., 584; Shermer v. Dobbins, 176 N. C., 547, 97 S. E., 510; Schouler's Domestic Relations, 6 Ed., section 208.

It was insisted that Julia Jenkins acquiesced for over twenty years in the conveyance of said property and even after the death of her husband, at the instance of her attorney, she wrote the complainants that they as heirs of her husband had some interest in this property, and, therefore, her acts amounted to an affirmation of the deed, and that the Chancellor erred in holding that she had not ratified the deed and was therefore estopped to now disaffirm it. We are of the opinion that the Chancellor did not err in so holding. As hereinabove pointed out, said deed was void. Where a deed is void it cannot be ratified by subsequent acts or declarations of the grantor. 18 C. J., 243; 13 R. C. L., 1323, sec. 360; Chess v. Chess, 1 Penr. & W. (Pa.), 32, 21 Am. Dec., 350; Merriman v. Blalack, 56 Tex. Civ. App., 594, 121 S. W., 552; Callis v. Day, 31 Wis., 643-646; Dayton v. Nell, 43 Minn., 246-8, 45 N. W., 231; Taylor v. Swafford, 122 Tenn., 303, 123 S. W., 350; 8 Words & Phrases, 7332-3.

"Since the contracts she made during coverture were at common law not merely voidable but void, the contract of a married woman cannot be ratified after removal of her disabilities without a new consideration, and this is true whether such disabilities are removed by statute, or by dissolution of coverture through divorce or death of the husband. Where there is a new consideration, her ratification will be sustained as the new contract of a feme sole." 30 C. J., 751, sec. 368.

"Where a married woman's deed is defective for want of proper execution, she may at any time during coverture confirm the transfer by executing another deed complying with the requisite legal formalities; but since her deed is void if it is not executed as required by statute, it is not the subject of ratification by her on becoming discovert, unless the alleged ratification takes a form equivalent to the execution of a new deed, and her subsequent assent to the deed or her parol adoption of it, or expression of a willingness by her to make it valid or execute a new deed, does not operate to affirm her defective deed." 13 R. C. L., 1323, sec. 360.

So the statements made by Julia Jenkins in her letter to the heirs that they had an interest in the house and lot did not amount to an affirmance of the deed.

"Registration for twenty years cures defects in certificate, but not those in the deed. Registration for twenty years under the statute, Code 3761, only cures defects and omissons in the certificate authenticating instruments for registration, and the failure of the register to register the certificate. Such registration does not render valid and effective a deed or instrument not made in conformity to law. If a deed properly executed, acknowledged, or probated and regularly registered, is not effective to convey the property, it is not rendered so by registration under this section for twenty years. Therefore, a married woman's power of attorney, with the joinder of her husband, is not made effective by its registration, under Code 3761, for twenty years. See Shannon's New Code, sec. 3761, note 9; King v. Nutall, 7 Baxt., 224-5; Woods v. Bonner, 5 Pickle, 416-7, 18 S. W., 67.

It is strenuously insisted by appellants that as the widow had acquiesced in the deed for more than twenty years, and her husband had placed valuable improvements on the property, and after the death of her husband she had written the said letter to the heirs, recognizing her husband's interest in the property, that she is now estopped to disaffirm the deed. As above stated, we do not think that her acts amounted to an affirmance, and certainly her acts did not amount to an estoppel.

"It has long been settled in this State, that the husband cannot, either by his own act or by contract, acquire or give a lien on his wife's land for improvements put thereon with her knowledge. The reason is that by an elementary principle of the common law, which has always been in force in this State, and which a court of equity cannot abrogate, the legal existence of the wife is merged in and incorporated with that of the husband, and she can therefore make no contract, give no consent, nor bind herself by acquiescence in regard to such improvements." O'Malley v. Coughlin, 3 Tenn. Chy., 431.

"A husband cannot recover for improvements made on his wife's lots, not her separate property, pursuant to contract by which his wife conveyed to him a one-half interest in such lots; such contract being void, and therefore incapable of creating a lien in favor of the husband upon her land." Montague v. Buchanan, 141 Tenn., 432, 211 S. W., 211.

It therefore follows as a natural consequence that if her deed to him was void and that he could acquire no lien on the property for the improvements made on the property, she certainly should not be estopped to disaffirm a void deed, there being no ratification after discoverture and no new consideration for a ratification. It results that all of the assignments of error must be overruled and the decree of the Chancellor dismissing the bill must be affirmed. The costs of the cause, including the costs of appeal, are adjudged against appellants and the sureties on their appeal bond, for which execution may issue.

## ON PETITION TO REHEAR.

Appellants have filed a petition for a rehearing, insisting that this court should find additional facts and that the court was in error in its conclusions of the law applicable to the case. After a careful consideration of the matter we are of the opinion that the petition should be denied, as the additional facts asked to be found by this court are immaterial and we must adhere to our finding of fact in the former opinion.

The petition raises nothing new with respect to our conclusions of the law applicable to this case, and we fully considered these propositions in our original opinion. It results that the petition must be denied.

Faw, P. J., and DeWitt, J., concur.