A. P. BRANCH v. JOSEPH T. WARD et al.

*Husband and Wife—Wife's Separate Estate—Disposition of Rents of Wife's Land by Husband without her Consent—Silence of Wife not Acquiescence—Trustee, removal of.*

1.  Only positive and unequivocal assent of the wife to a disposition by her husband of crops raised on her land, and not mere silence, will estop her from asserting her title to the same.

2.  Where the trustee in a deed of assignment for the benefit of creditors was the son of the assignor, and a minor, and there was no finding by the Court below that he was unsuitable or unreliable

because of mental deficiency or moral obliquity, and, in a proceeding to remove him, he offered to give bond in double the amount of property in his hands, it was error to remove him and appoint a receiver of the property.

This was an APPLICATION to continue a restraining order to the hearing, heard by *Bynum, J.,* at Chambers in WILSON, Thursday, February 8, 1894.

It was admitted that the articles of personal property were raised on the lands that belonged to the *feme* defendant. Counsel for defendant moved the Court to discharge the property and dissolve the restraining order as to it. The Court denied this motion, holding that there was enough evidence to go to the jury as to whether there was not an assent on the part of the wife that the husband might use as his own and for his separate estate the property assigned, and the defendants excepted.

The defendants Martha J. Ward and Herbert Ward, the assignees, moved his Honor that they be allowed to file a bond, or undertaking to secure the plaintiff, covering double the full value of the property embraced in the injunction, and that therefore the receiver should not be appointed and the injunction should be vacated. Motion refused, and defendants excepted.

The Court gave the judgment appointing a receiver and continuing the injunction, and defendants appealed.

*Messrs. Busbee & Busbee,* for plaintiff.

*Messrs. Woodard & Yarborough* and *Swift Galloway,* for defendants (appellants).

AVERY, J.: "It is better" (said SHEPHERD, C. J., in *Wells v. Batts,* 112 N. C., 290—13 Am. St. Rep., 506) "that the law should require her (the wife's) positive and unequivocal assent than to destroy the domestic tranquility by

forcing her, at the peril of forfeiting her rights, to exercise a constant and irritating surveillance over the conduct of her husband in the management and cultivation of her lands for their joint support. No inconvenience can result from such a ruling, as it is quite easy for a party making advances to require that she be joined as a party to the mortgage." It was admitted that the personal property, as to which counsel moved to dissolve the order, was the crop raised during the year 1893 on the land that belonged to the *feme* defendant. She was therefore the owner and had unquestionably a right to call her husband to account for it. *The Code*, §1835. The husband could not, without her unequivocal assent, transfer the property to another and relieve it in his hands of the liability which attached to it in his own. The cotton raised on her farm during the previous year was hers, into whatever hands it might pass without her positive acquiescence in the sale. It is not contended that she assented directly and positively, but only by implication arising from her silence, to the disposition which the husband attempted to make of those articles. We conclude, therefore, that the case is governed by the principle laid down in *Wells* v. *Batts, supra*, and that there was error in continuing the restraining order as to the rents raised on the wife's land during the preceding year.

There was no finding in the Court below that Herbert Ward, the trustee named in the deed of trust executed by J. T. Ward, was unsuitable or unreliable because of mental deficiency or moral obliquity. It appeared that he was quite young (twenty-one years old in November, 1893), while it was suggested in the pleadings that he would probably be influenced in the management of his trust by the other defendants, his father and mother. On the other hand, he offered to file a bond in double the value of the

property in his hands, after having introduced testimony tending to prove his good character. Unless sufficient cause was shown for removing the trustee, who had the custody of the property, either on account of his previous conduct of the business, or his unfitness for some other reason, it would seem that there would not be sufficient ground for appointing a receiver and continuing the injunction as to the other property when he was ready to give ample security to indemnify all parties interested against loss by reason of default on his part. When the cause shall be heard below the proof upon this point will doubtless be fully considered.

Let this opinion be certified to the end that proper orders may be made in the Court below. There is

Error.