E. L. SHERMER ET ALS. v. MARY A. DOBBINS ET ALS.

(Filed 4 December, 1918.)

1. **Husband and Wife—Wife's Separate Property—Deeds and Conveyances—Probate—Statutes—Adverse Possession—Equity—Cloud on Title.**

Where the wife conveys her separate realty to her husband under a deed void for failure of compliance with Revisal, sec. 2107, as to the execution and probate of the wife's deed, the living thereon of the husband and wife until his death, and her continuing thereon thereafter, affords no evidence that he obtained and held the lands adversely to her, and a deed sub-

sequently made by her to another cannot be considered as a cloud upon the title to the lands of the husband's heirs at law.

**2. Husband and Wife—Wills—Wife's Separate Property—Deeds and Conveyances—Void Deed—Statute—Election—Estoppel.**

A wife is not estopped by taking under her husband's will to deny the validity of her deed conveying to him her separate realty, void for noncompliance with Revisal, sec. 2107, when there is nothing definite in the will to show that he was attempting to devise her separate realty or to put her to her election, and the devise to the wife was evidently in lieu of the year's provision and dower.

**3. Husband and Wife—Wife's Separate Property—Deeds and Conveyances—Void Deeds—Evidence—Declarations.**

Oral declarations of the wife are incompetent to give validity to her deed to her husband of her separate realty, which is void for noncompliance with the Revisal, sec. 2107.

**4. Husband and Wife—Wife's Separate Property—Deeds and Conveyances—Probate—Statutes—Void Deeds—Adverse Possession—Title.**

There is no presumption of ouster or of adverse possession in favor of the husband having children of the marriage, upon evidence tending to show that he lived with his wife on her separate realty during their joint lives, such as to ripen title in him under her void deed, made without compliance with Revisal, sec. 2107, regarding the execution and probate of the wife in such instances, a stricter degree of proof being required in such relationship.

APPEAL by plaintiffs from *Carter, J.,* at April Term, 1918, of YADKIN.

*S. Carter Williams, A. E. Holton, and E. B. Jones for plaintiffs.*
*Benbow & Hanes, R. C. Puryear, and E. L. Gaither for defendants.*

CLARK, C. J. The defendant, Elizabeth Shermer, inherited the tract of land (130½ acres) in question from her father, who died in 1876. The plaintiffs are the children of her and her husband, William Shermer, as is also her codefendant, Mary A. Dobbins, with whom is joined her husband.

The plaintiffs claim that in June, 1892, the defendant Elizabeth Shermer made a deed to her husband, William Shermer, for this land. They admit that it was not executed and probated as required by Revisal, 2107, but they contend that it was good color of title, and that this ripened into a good title by adverse possession. There is no evidence of adverse possession, for the husband and wife lived together on the premises until the husband's death, and since then the defendant Elizabeth Shermer has continued to live upon and occupy the premises.

The plaintiffs further allege that the defendant Elizabeth Shermer has executed a deed since her husband's death to her daughter, Mary A. Dobbins, for the land and alleged that this is a cloud upon the title

which they are entitled to have removed; but it is clear that the deed to their father under which the plaintiffs claim, being void, the conveyance by the defendant Elizabeth Shermer to her codefendant cannot be a cloud upon the title of the plaintiffs.

The plaintiffs further claim that the defendant Elizabeth Shermer was estopped by taking a devise under the will of her husband. The will, item 5, provides: "I will and devise to my children, Thomas Shermer, Elijah Shermer, and Phisa D. Mackie, and their heirs, all of my real estate to be divided between them, share and share alike; and each one of my said children, Thomas Shermer, Elijah Shermer, and Phisa D. Mackie, is to pay to my wife, Elizabeth, annually, one-sixth of the crops raised on the land allotted to each of them."

There was no specific devise which indicated that by this section her husband was devising his wife's maiden land, which the plaintiffs claim under the void deed from her to her husband, and she was therefore not put to her election. In item 1 of the will her husband gave her $300 of personal property, and in item 2 he devised her 15 acres of land for life, including the house and appurtenances. The devise to his wife was evidently in lieu of the year's provision and dower, and there was no estoppel upon the widow in accepting the same that would bar her from asserting her right to her maiden land, which is now in question.

Oral declarations of Elizabeth Shermer were properly excluded. They were not competent to supply the failure to observe the requirements of Revisal, 2107, as to the deed, nor to add to the description in the will "all my real estate" the realty of his wife.

His Honor properly nonsuited the plaintiffs. It is true that in *Norwood v. Totten,* 166 N. C., 648, the Court held that a conveyance by the wife to her husband, voidable for noncompliance with the requirements of Revisal, 2107, was yet color of title which would ripen by seven years adverse possession by the husband and his children by former marriage after her death, in that case there being no issue born alive by the second marriage, and therefore no tenancy by curtesy in the husband, but in this case the wife survived the husband and during their joint lives they occupied the land jointly without any evidence of adverse possession.

There was no ouster. There is no presumption of adverse possession against the true owner. *Fowle v. Whitley,* 166 N. C., 445. "Adverse possession to ripen color of title must be open, notorious, adverse and continuous for seven years" (*Cox v. Ward,* 107 N. C., 507), and "in proving such continuous possession, nothing must be left to conjecture." *Ruffin v. Overby,* 105 N. C., 83. There is no evidence here that the husband listed the land in his own name, but if he had done so it would not have been evidence of adverse possession, taken alone, for it is not

unusual for the husband to list the land of his wife which is in his possession in his own name.

"Acts constituting adverse possession under color of title must be such as to admit of no other construction than that the possessor claims the land adversely as his own, openly and notoriously." *Grant v. Winborne,* 3 N. C., 56; *Loftin v. Cobb,* 45 N. C., 406; *Bartlett v. Simmons,* 49 N. C., 295; *Williams v. Maxwell,* 78 N. C., 357. Even a stricter degree of proof is required when the parties are husband and wife. *Wells v. Batts,* 112 N. C., 288, quotes with approval the following: "Under various circumstances an unmarried woman, by permitting another person to possess and use her property, would be bound by any disposition he might make of it on the ground of presumed agency, where, should a husband do the same thing, the agency ought not to be inferred; and the reason is that the relationship of husband and wife implies a certain occupancy of her property by him, not falling within what would be the ordinary course of things if the relationship did not exist. 2 Bish. Married Women, 396 (Ed. 1875)." This has been approved in *Branch v. Ward,* 114 N. C., 148.

It was stated on the argument here that since the trial and judgment Mrs. Shermer, the mother of plaintiffs and defendant, has died, and, nothing else appearing, the plaintiffs on another trial could recover judgment to be let into possession as cotenants, though they could not recover in an action of ejectment against the mother; but it appears in the complaint that prior to the trial Mrs. Shermer had conveyed this land to her daughter and codefendant, Mary A. Dobbins.

It would seem that for some reason the father devised his realty to his other children, the plaintiffs, cutting out his daughter, Mary A. Dobbins. The mother, as is not unusual, "made it up to her" by conveying her maiden land to this daughter, and it may be has devised it also, as to which we are not advised by the record.

Affirmed.