J. R. PRICE v. ASHEVILLE GAS COMPANY; R. P. COBB v. ASHEVILLE GAS COMPANY; AND LONNIE BUCKNER v. ASHEVILLE GAS COMPANY.

(Filed 27 February, 1935.)

**Laborers' and Materialmen's Liens B c—**

Persons employed by an agent of the principal contractor to perform certain work on the premises may not recover of the owner for the value of such labor merely upon a showing that they performed the work and that the owner received the benefit thereof. C. S., 2437.

APPEAL by defendant from *Finley, J.*, at October Term, 1934, of BUNCOMBE.

Civil actions, instituted in a court of a justice of the peace to recover for services rendered and to enforce laborers' liens, consolidated on appeal in the Superior Court and tried together, as all three cases rest upon the same fact situation. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171.

On 26 June, 1933, Vernon Moore agreed with the Asheville Gas Company to wire, brush, scrape, and paint certain gas holders, tanks, steam boxes, including structural work and smokestack, for the sum of $235.00.

The plaintiffs were employed by an agent of the contractor to do the painting on said job. They seek to recover of the defendant and to enforce laborers' liens in the following amounts: J. R. Price, $7.35; R. P. Cobb, $14.10; Lonnie Buckner, $13.90.

The jury answered the simple issues of debt (no others were submitted) in favor of the plaintiffs in the amounts claimed. Judgments on the verdicts, from which the defendant appeals, assigning errors.

*Sanford W. Brown for plaintiffs.*
*Jones & Ward for defendant.*

STACY, C. J.   The following instruction, assigned by the defendant as error, discloses the theory upon which the cases were tried:

"The plaintiffs claim that they went there and did some work on the property of the defendant in the way of painting, and that the defendant got the benefit of this work, and, nothing else appearing, they ought to be entitled to the value of the work by reason of the fact that it was done and accepted by the defendant on the *quantum meruit* idea."

The law is otherwise with respect to subcontractors who seek to recover, not of the contractor, their principal debtor, but of the owner, and to enforce laborers' liens. C. S., 2437; *Rose v. Davis,* 188 N. C., 355, 124 S. E., 576; *Foundry Co. v. Aluminum Co.,* 172 N. C., 704, 90 S. E., 923. Thus, it would seem, the theory of the trial, upon the facts developed, was not accordant with the rights of the parties.

It follows, therefore, that a new trial must be awarded. It is so ordered.

New trial.