D. W. McARTHUR v. JAMES C. BYRD AND SAMUEL M. BYRD, PARTNERS, TRADING AND DOING BUSINESS UNDER THE NAME OF J. C. BYRD AND BROTHER.

(Filed 23 March, 1938.)

1. **Frauds, Statute of, § 9—Statute does not apply to executed contracts under which standing timber has been cut and converted into personalty.**

   When defendants alleged that they purchased timber which had been cut and removed from the land, the fact that the contract under which

11—213

their seller cut and removed the timber was not in writing is immaterial, since the statute applies to executory contracts and not to executed contracts under which timber has been converted to personalty.

**2. Principal and Agent § 8—**

Defendants' evidence that the person selling standing timber on plaintiff's land was plaintiff's general agent in the supervision of the farm with power to sell crossties, timber and crops therefrom *held* sufficient to be submitted to the jury.

**3. Appeal and Error § 39b—**

The failure of the jury to answer the issue of indebtedness does not entitle plaintiff to a new trial when the evidence is sufficient to justify an instruction that the issue be answered "Nothing," the verdict, though incomplete, not being prejudicial in such instance.

APPEAL by plaintiff from *Hamilton, Special Judge,* at October Term, 1937, of HARNETT. No error.

This is a civil action instituted by the plaintiff to recover damages for the alleged wrongful conversion by the defendant of certain timber cut and removed from premises owned by the plaintiff.

The plaintiff resides in Florida and his brother, Adam McArthur, has for years had plaintiff's farm in Cumberland County and his farm in Harnett County in his charge and under his general supervision. The plaintiff comes to North Carolina each year to see about these farms. Adam McArthur sold certain timber on the Harnett County farm to one Marvin Hobbs, who in turn, as he cut it, sold the timber to the defendants. These transactions extended over a period of about four years. The timber, when delivered to the defendants, had been cut into saw stock lengths. The defendant paid Adam McArthur the amount charged for the stumpage. Issues were submitted to and answered by the jury as follows:

"1. Is the plaintiff, D. W. McArthur, and was he at the time complained of in the complaint, the owner in fee of the lands described in the complaint? Answer: 'Yes' (by consent).

"2. Is the plaintiff by his conduct estopped to deny that Adam McArthur was his agent with respect to the property in question? Answer: 'Yes.'

"3. Did the defendants, J. C. Byrd and Brother, wrongfully receive, take possession of and wrongfully appropriate to their own use valuable pine timber in saw stock lengths, the property of the plaintiff, and dispose of the same and convert the proceeds therefrom to their own use, as alleged in the complaint? Answer: ............

"4. Is the plaintiff's action as a whole barred by the three-year statute of limitations? Answer: ............

"5. If the entire action is not barred, is any portion thereof barred; if so, what part? Answer: ............

"6. What amount, if any, is plaintiff entitled to recover of defendants? Answer: ............."

Upon the coming in of the verdict the court below signed judgment that the plaintiff have and recover nothing of the defendants, etc. The plaintiff excepted and appealed.

*J. R. Young and Bullard & Bullard for plaintiff, appellant.*
*Ross & Ross and Neill McK. Salmon for defendants, appellees.*

Per Curiam. This cause does not involve an executory contract. The defendants do not claim the right to any timber standing and growing upon the premises of the plaintiff. It follows that the fact that the sale to the defendants was not in writing is immaterial. At the time the defendants received the timber in controversy it had been converted into personal property.

There is ample evidence in the record to sustain the answer of the jury to the second issue and which tends to show that Adam McArthur was in fact the general agent of the plaintiff in the supervision of said farm, the sale of crossties, timber and crops therefrom. So that, under the verdict of the jury the plaintiff is bound by the acts of his agent in collecting from the defendants the agreed market price of the timber received by them.

It would seem that the verdict of the jury is incomplete. There is no finding that the defendants are, or are not, indebted to the plaintiff for timber the defendants received from the plaintiff through his agent Adam McArthur or Marvin Hobbs, who was cutting the timber under contract with Adam McArthur. In view of the record herein, however, the failure of the court below to have the jury to answer the sixth issue is harmless error. The plaintiff offered evidence, which is uncontradicted, that the defendants paid Adam McArthur the prevailing market price for the timber received by them. This being true, the court below would have been fully warranted in charging the jury to answer the sixth issue "Nothing." His failure to do so cannot be held for reversible error.

We have examined the other exceptive assignments of error contained in the record and find in none of them sufficient cause to disturb the judgment below.

No error.