Civil action to recover damage for trespass.
Plaintiff among other things alleges in his complaint: That defendants have trespassed upon a tract of land in Martin County, North Carolina, owned by him, and have cut and removed therefrom 90,000 feet of timber and committed other wrongful acts thereon to his damage in the sum of $1,000, for which amount judgment is prayed.
Defendant Nicodemus Barrow has not answered.
Defendant, Farmville-Woodward Lumber Company, a corporation, in answer filed, denies the material allegations in the complaint, and avers: (1) That it bought from Nicodemus Barrow some timber which had been cut from said land and sawed into logs and had paid him for said logs. (2) That for some time prior thereto Nicodemus Barrow had been managing and looking after said land, had sold wood therefrom, and had acted with respect thereto as general agent of his father, the plaintiff. (3) That plaintiff, "because and on account of his conduct in allowing said Nicodemus Barrow to act as his agent and to act with respect to said land as his general agent, is estopped to deny that said Nicodemus Barrow was his agent with respect to said property in question, and is therefore not entitled to recover anything out of the defendant, Farmville-Woodward Lumber Company, in this action."
Upon the pleading these issues were framed:
"1. Is the plaintiff, by his conduct, estopped to deny that Nicodemus Barrow was his agent with respect to the property in question?
"2. What amount, if any, is the plaintiff entitled to recover of Nicodemus Barrow?"
Upon the trial below the parties entered into this stipulation:
"It is agreed . . . that the defendant Farmville-Woodward Lumber Company, bought from Nicodemus Barrow 53,842 feet of logs, and that stumpage price at said time was $4.50 per thousand feet. It is agreed and stipulated that the lands in controversy belonged to the plaintiff; that it had certain timber on it; that the lumber company cut 53,842 feet of lumber off the land belonging to the plaintiff. The lumber company contends, however, that they bought the lumber from Nicodemus Barrow, who was the agent of the plaintiff in this case. The plaintiff denies that agency. The question presented in the question of whether or not Nicodemus Barrow was the agent of the plaintiff, and further, whether or not plaintiff's conduct has been such that he is estopped from denying that Nicodemus Barrow was his agent."
Thereupon defendant Lumber Company voluntarily assumed the burden of the issue and offered evidence tending to show: That about 25 years ago, plaintiff J. Knowledge Barrow and his family, consisting of his wife and six or seven children, resided in a house on the land in question; that about that time he left his family there and went away; *Page 72 
that he has not returned to the community except on one or two short visits; that after he departed his family lived in a shack or house on the place until it fell down six or eight years ago; that they tended a garden and potato and corn patches; that Nicodemus was the largest boy and looked after the place; that off and on ever since he was big enough Nicodemus, who is now 25 or 30 years old, has cut a lot of wood off the place and pulled it out to the road, and sold it to wood yards in Williamston and to others; and that he cut wood off the place every winter until the Farmville-Woodward Lumber Company bought the timber from him.
The testimony tended to show, however, that plaintiff, Knowledge Barrow, had no knowledge of the fact that his son Nicodemus Barrow was cutting and selling wood or timber from the land. There is no evidence that Knowledge Barrow expressly authorized Nicodemus to sell either wood or timber.
At the close of defendant's testimony plaintiff moved for directed verdict on the first issue. The court, ruling that defendant Farmville-Woodward Lumber Company had failed to produce and offer testimony sufficient to be submitted to the jury on the question of agency, or estoppel raised by the pleadings, allowed the motion and entered judgment, from which said corporate defendant appeals to Supreme Court and assigns error.
The question presented on this appeal is: When taken in the light most favorable to plaintiffs, is there sufficient evidence to take the case to the jury on the issue raised by the plea of estoppel?
The court below answered in the negative. In this we concur.
In equity there may be an estoppel affecting the legal title to land, but of the constituent elements there must be conduct or words of the party against whom the estoppel is pleaded, amounting to a representation, or a concealment of material facts, which at the time must be known to him, or at least the circumstances must be such that the knowledge of them is necessarily imputed to him. Boddie v. Bond, 154 N.C. 359, 70 S.E. 824;Self Help Corp. v. Brinkley, 215 N.C. 615, 2 S.E.2d 889; 19 Am.Jur., 743, Estoppel, sec. 87.
Further, there is a general principle that "Where a person, by words or conduct, represents or permits it to be represented that another is his agent, he will be estopped to deny the agency as against third persons, who have dealt, on the faith of such representation, with the person so held out as agent, even if no agency exists in fact." See Wynn v. Grant, *Page 73 166 N.C. 39, 81 S.E. 949, quotation from Story on Agency. Also,Ferguson v. Amusement Co., 171 N.C. 663, 89 S.E. 45.
In the present case there is no evidence to bring the case within either of these principles. The case of Metzger v. Whitehurst, 147 N.C. 171,60 S.E. 907; Williams v. R. R., 155 N.C. 260, 71 S.E. 346; and McArthurv. Byrd, 213 N.C. 321, 195 S.E. 777, relied upon by appellant, are distinguishable in factual situations.
The judgment below is
Affirmed.