W. C. PITT AND JULIET C. MARROW, PARTNERS, TRADING AS MARROW-PITT HARDWARE COMPANY, v. W. L. SPEIGHT AND WIFE, BINGHAM M. SPEIGHT.

(Filed 24 February, 1943.)

**1. Husband and Wife § 16—**

A husband is not *jure mariti* the agent of his wife, and if such agency is relied upon it must be proven.

**2. Same—**

The law presumes that where improvements are made on the wife's land by the husband they are made as gifts to the wife by the husband.

**3. Landlord and Tenant § 7—**

In the absence of an agreement between the parties there is no obligation on the part of the lessor to pay the lessee for improvements erected by the lessee upon the demised premises, even though the improvements are such that they become a part of the freehold. Ordinarily, the creditors of the tenant have no more right to charge the land with the value of improvements than the tenant would have.

**4. Husband and Wife §§ 16, 17—**

Where a husband operates his wife's farm, as her tenant, and purchases merchandise and material used for improvements thereon, in an action to recover therefor brought against the husband and wife, based upon a verified, itemized statement of account, there was error in refusing the wife's motion for judgment of nonsuit.

APPEAL by the *feme* defendant Bingham M. Speight from *Williams, J.,* at October Term, 1942, of EDGECOMBE.

This is an action to recover the amount alleged to be due on an open account for goods and merchandise sold and delivered over the period from 27 August, 1936, to 18 October, 1941.

The plaintiffs allege and contend that the goods and merchandise were sold and delivered to the defendant W. L. Speight on account of himself and of his wife, Bingham M. Speight, for whom the said W. L. Speight was acting as agent in the purchase and procurement of the said goods and merchandise.

The defendant W. L. Speight answered and admitted the indebtedness by him for an agreed amount, but denied that he was acting as agent of his wife and codefendant Bingham M. Speight in the purchase and procurement of said goods and merchandise.

The defendant Bingham M. Speight filed separate answer and denied her indebtedness for the said goods and merchandise, alleging that they were sold and delivered solely to her husband and codefendant W. L. Speight, and that she had no legal interest therein or liability therefor.

The following issue was submitted to the jury and answered in the affirmative, to wit:

"Did the defendant, W. L. Speight, act as agent for his wife, Bingham M. Speight, in creating the indebtedness sued on in this action?"

From judgment against both parties for the amount agreed upon, the defendant Bingham M. Speight appealed, assigning as error the denial by the court of her motion for judgment as in case of nonsuit duly lodged when the plaintiffs had introduced their evidence and rested their case, and renewed when all the evidence was in. C. S., 567.

*Henry C. Bourne for plaintiffs, appellees.*
*Gilliam & Bond for defendant Bingham M. Speight, appellant.*

SCHENCK, J.   The plaintiffs introduced what purported to be a verified itemized statement of account in accord with C. S., 1789. This document, in the absence of other evidence of agency between Bingham M. Speight and W. L. Speight, is not sufficient evidence against the *feme* defendant, the appellant Bingham M. Speight, to carry the case to the jury on the issue submitted, since it is captioned "Sold to Mr. W. L. Speight, New Bern, N. C., Account of Speight Farm," and the verification reads: ". . . that the attached statement of account against the Speight Farm is just and correct; that the goods and merchandise represented by the items therein contained were respectively sold and delivered as therein shown upon the dates therein set forth; . . . that the balance

thereof as shown by said account . . . is still justly due and owing to the said Marrow-Pitt Hardware Company."

It will be noted that the wording of the verification is that the "statement of account against the Speight Farm is just and correct" and that the articles therein itemized "were sold and delivered as therein shown on the dates therein set forth." No mention of the name of Bingham M. Speight is made anywhere in the account introduced. The most that the plaintiffs seem to contend that the statement of account tends to prove is that the articles itemized therein were actually "sold to W. L. Speight, New Bern, N. C., Account of Speight Farm." They do not contend in their brief that this verified itemized account makes out a *prima facie* case against the appellant Bingham M. Speight.

The contention of the plaintiffs is that the evidence tends to show that in the ordering of the articles set forth in the verified statement of account the defendant W. L. Speight was acting as the agent of his wife and codefendant, Bingham M. Speight, and that therefore the issue involving this agency was properly submitted to the jury.

There is evidence tending to show that defendant W. L. Speight lived in New Bern, N. C., with his wife and codefendant, Bingham M. Speight; that W. L. Speight ordered the articles itemized on the statement of account, and that said articles were delivered by the plaintiffs to the Speight Farm a short distance from Tarboro, N. C., which farm was owned by Bingham M. Speight.

There was no evidence offered by the plaintiffs that the defendant W. L. Speight was operating the Speight Farm for his wife, Bingham M. Speight, or that she knew what articles were being delivered at the farm; or that she had any legal interest in the fruits of such operation; or that any bills were ever rendered to her, or that she was ever notified by the plaintiffs that they were looking to her for payment of the articles ordered.

The evidence of the defendants, it is true, does show that the *feme* defendant Bingham M. Speight owned what was known as the Speight Farm, and that her husband and codefendant, W. L. Speight, leased the farm from her in consideration of the payment by him of $800.00 per year on a purchase price mortgage given by her on the farm, and of $200.00 annually upon the taxes thereon, and that any profit from the operation of the farm inured to the benefit of W. L. Speight, and any loss suffered was borne by him.

The plaintiffs do not contend that there was any evidence of express authority having been given to W. L. Speight by his wife, Bingham M. Speight, to make the purchase of the articles itemized, or that the articles were purchased under any express order from her. Their contention is that the purchases were made by W. L. Speight upon implied

authority from Bingham M. Speight, or that she is estopped to deny such implied authority. A husband is not *jure mariti* the agent of his wife, and if such agency is relied upon it must be proven. *Towles v. Fisher,* 77 N. C., 437. "It would seem, however, that no presumption arises by reason of the relationship that he is the agent of his wife. 1 A. & E., 958. The agency must be proven. Reinhardt on Agency, 51. 'The husband may act as agent of his wife, but in order to bind her he must previously be authorized to do so, or his act must with full knowledge be ratified.' *McLaren v. Hall,* 26 Iowa, 297. 'The wife may constitute the husband her agent, but to establish this the evidence must be clear and satisfactory and sufficiently strong to explain and remove the equivocal character in which she is placed by reason of her relation of wife.' *Rowell v. Klein,* 44 Ind., 290; 15 Am. Rep., 235." *Francis v. Reeves,* 137 N. C., 269, 49 S. E., 213. See also *Thompson v. Coats,* 174 N. C., 193, 93 S. E., 724, where there is a similarity of facts with the facts in the instant case, and the court quotes from *Branch v. Ward,* 114 N. C., 148, 19 S. E., 104, the following words: "Only positive and unequivocal assent of the wife to a disposition by her husband of crops raised on her land, and not mere silence, will estop her from asserting her title to the same."

The fact that there was evidence tending to show that a large majority of the material and labor included in the itemized statement of account went into the permanent improvement of the land, owned by the defendant Bingham M. Speight, does not help the plaintiffs' case, since the law presumes that where improvements are made on the wife's land by the husband they are made as gifts to the wife by the husband. *Kearney v. Vann,* 154 N. C., 311, 70 S. E., 747; *Nelson v. Nelson,* 176 N. C., 191, 96 S. E., 986.

To allow the plaintiffs in this action to recover of the *feme* defendant because she was the owner of the land and the land was improved by the material and labor furnished by them, would be to allow the creditors of the male defendant to recover where the male defendant himself could not recover. This is contrary to our decisions. *Pomeroy v. Lambeth,* 36 N. C., 65. The improvements placed upon the land of the wife by the husband is presumed to be a gift, for which the husband cannot recover, *Kearney v. Vann, supra;* and likewise, "In the absence of any agreement between the parties there is no obligation on the part of the lessor to pay the lessee for improvements erected by the lessee upon the demised premises, though the improvements are such that by reason of their annexation to the freehold they become a part of the realty and cannot be moved by the lessee. . . . And, ordinarily, creditors of a tenant have no greater right to charge the land with the value of improvements made by the tenant than the tenant would have." *Barnhill, J.,*

in *Brown v. Ward,* 221 N. C., 344, 20 S. E. (2d), 324. Such being the law, the creditors of the husband, who was at most a lessee or tenant, cannot recover for the material and labor furnished by them to the husband, the lessee or tenant, to make such improvements, in the absence of any evidence of authorization of such improvements by the wife, the lessor or landlord.

For the reasons indicated, we are of the opinion, and so hold, that his Honor erred in denying the motion of the *feme* defendant for a judgment as in case of nonsuit as to her properly lodged and renewed under the provisions of C. S., 567. The judgment of the Superior Court, in so far as it relates to the *feme* defendant Bingham M. Speight is, therefore,

Reversed.