J. A. CLARK, TRADING AND DOING BUSINESS AS J. A. CLARK PLUMBING COMPANY v. WILLIAM J. MORRIS AND WIFE, ERLENE S. MORRIS, W. T. EMMART, TRUSTEE, FIRST CITIZENS BANK AND TRUST COMPANY

No. 685SC252

(Filed 18 September 1968)

1. Husband and Wife § 3; Laborers' and Materialmen's Liens § 2— entirety property — enforcement of lien — contract with husband and wife

In a contractor's action to recover the value of labor and materials furnished in the building of a house and to enforce a lien against real estate held by the individual defendants as tenants by the entirety, the evidence is insufficient to permit a jury finding that the defendants, husband and wife, were acting as partners in the building of the house where plaintiff's evidence tended to show only that (1) title to some of the lots and houses were in the names of both defendants, (2) the wife signed notes and mortgages for loans to build houses because the bank required her signature, (3) the wife answered telephone calls at home and transmitted messages to her husband, and (4) they filed a joint personal income tax return, and where plaintiff testified that he knew the land against which he sought to perfect a lien was owned by defendants by the entirety but offered no evidence that the wife entered into the contract with him.

2. Husband and Wife § 3— agency of one spouse for the other

A husband is not *jure mariti* the agent of his wife, and if such agency is relied upon it must be proven.

3. Laborers' and Materialmen's Liens § 1— nature and grounds of lien

A laborers' and materialmen's lien arises out of the relationship of debtor and creditor, and it is for the debt that the lien is created by statute; without a contract the lien does not exist.

4. Laborers' and Materialmen's Liens § 1— grounds for lien — knowledge by owner

Mere knowledge that work is being done or material furnished on one's

property does not enable the person furnishing the labor or material to obtain a lien.

APPEAL by plaintiff from *Hubbard, J.,* 20 May 1968 Session, NEW HANOVER Superior Court.

This is a civil action to recover the value of labor and materials furnished and to enforce a lien against real estate held in the name of the individual defendants as tenants by the entirety.

The complaint alleges that this contract was with both William J. Morris and his wife, Erlene S. Morris, and the amount claimed for these services and materials is $1,978.00; that the defendants contracted with the plaintiff to install plumbing, and contracted to pay plaintiff the above sum for the materials and labor.

The complaint further alleges that in accordance with the contract the plaintiff furnished the materials and performed the work from 7 June 1966 through 10 September 1966, and that the defendants have failed to pay the $1,978.00 due.

The complaint also alleges that the plaintiff filed notice of lien in the Office of the Clerk of Superior Court of New Hanover County on 21 September 1966. Plaintiff seeks judgment against the defendants and asks that this judgment be declared a lien against the entirety property.

Defendants admit that plaintiff installed the plumbing and performed the labor, but expressly deny that the defendant Erlene S. Morris contracted with the plaintiff for any labor or materials.

As a further answer and defense, defendants allege that all labor and materials furnished by the plaintiff were furnished solely to the defendant William J. Morris, trading as Bill Morris Building and Realty Company; that the property in question was owned jointly by the defendants as tenants by the entirety; that the plaintiff is not entitled to a lien on the property of the defendants; and that the notice of lien wrongfully filed is a cloud on the title to the property and should be removed.

At the close of plaintiff's evidence, defendant Erlene S. Morris moved for a judgment of nonsuit as to her; this motion was allowed. Judgment was entered against defendant William J. Morris for the sum of $1,978.00, plus interest from 7 June 1966.

From the entry of judgment of nonsuit in the case against Erlene S. Morris, the plaintiff appealed.

*Addison Hewlett, Jr., and Jerry L. Spivey, by Addison Hewlett, Jr., Attorneys for plaintiff appellant.*

*Burnett and Burnett, by Gilbert H. Burnett, Attorneys for defendant appellees.*

BROCK, J.

Plaintiff assigns as error the entry of nonsuit as to Erlene S. Morris.

[1]    Plaintiff argued in his brief that he contracted with both the defendants who were engaged in the business of building and selling houses. He offered the testimony of William J. Morris on direct examination which tended to show that title to some of the lots purchased, and upon which houses were built, were placed in the names of both defendants; that Erlene S. Morris signed notes and mortgages for loans made to build houses on a speculative basis because the bank required her signature; that when second mortgages were taken to secure a part of the purchase price, the notes were made payable to both defendants; that the wife answered telephone calls at home and if there was a message for her husband she transmitted it to him; that defendants filed a joint personal income tax return. On cross-examination William J. Morris stated he operated as a sole proprietorship, and that his wife was not his business partner. In our opinion such evidence was not sufficient to permit submitting to the jury an issue of whether the defendants were acting as partners in the building of the house for which plaintiff furnished labor and materials.

[1, 2]    Plaintiff offered no evidence that Erlene S. Morris entered into a contract with the plaintiff. Yet he testified that he knew that the land against which he sought to perfect a lien was owned by Mr. and Mrs. Morris by the entirety. A husband is not *jure mariti* the agent of his wife, and if such agency is relied upon it must be proven. *Pitt v. Speight,* 222 N.C. 585, 24 S.E. 2d 350.

We are of the opinion that the question has been put to rest in *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828. In that case defendant Douglass was engaged in the business of building and selling houses. The real estate was owned by him and his wife by the entirety. Mr. Douglass made all the arrangements for the heating system which was installed by the plaintiff. The Superior Court held in the *Douglass* case, *supra,* and the Supreme Court affirmed, that the contract was with Mr. Douglass and Mrs. Douglass was not a party to it and did not affirm or ratify it; thus, the Court

did not give judgment against her and there was no lien against the property.

**[3, 4]**   In *Douglass* the Court said: "A laborers' and material-men's lien arises out of the relationship of debtor and creditor, and it is for the debt that the lien is created by Statute. Without a con-tract the lien does not exist . . . Mere knowledge that work is being done or material furnished on one's property does not enable the person furnishing the labor or material to obtain a lien."

Counsel for plaintiff, with considerable fervor, urges that nonsuit of the case against the wife creates an easy method by which un-scrupulous husbands can defraud creditors who furnish labor and ma-terial for entirety property. However, there seems to be no danger of such catastrophe so long as the creditor exercises reasonable judg-ment in determining with whom he is dealing and upon whose prop-erty he is furnishing labor and materials. A contract with the owners is the simple expedient. In this case the plaintiff knew the property was owned by husband and wife, but he chose not to secure the wife's concurrence or signature; he chose to rely solely upon the husband's promise to pay.

We hold that the defendant Erlene S. Morris was not a party to the contract with plaintiff; thus, he was not entitled to a lien against the entirety property. Judgment of nonsuit was properly entered in the case against Erlene S. Morris.

Affirmed.

BRITT and PARKER, JJ., concur.