GENTRY BROTHERS, INC. v. BYRON DEVELOPMENT CORPORA-
TION, ROYAL OAKS COUNTRY CLUB, INC., D. ST. PIERRE
DUBOSE, AND WIFE VALINDA HILL DUBOSE

No. 7215SC611

(Filed 25 October 1972)

1. **Laborers' and Materialmen's Liens § 1—labor performed under contract with party having option to purchase — option not exercised — no lien**

   A contractor may not enforce a lien on real property for labor performed in constructing a golf course upon the land pursuant to a contract with a party who had an option to purchase the land but never exercised the option or otherwise acquired any ownership in the land.

2. **Laborers' and Materialmen's Liens § 1— knowledge of work by owner — lien**

   Mere knowledge by a property owner that work is being done or material furnished does not enable the person furnishing the work or material to obtain a lien.

APPEAL by plaintiff from summary judgment entered by *McKinnon, Judge,* for defendants D. St. Pierre DuBose and wife Valinda Hill DuBose, 27 March 1972 Session of Superior Court held in ORANGE County.

Civil action instituted 13 March 1970 to enforce a lien in the amount of $31,755.00 against a 158.9069 acre tract of land owned by defendants DuBose and situated in Orange County. A notice of claim of lien was filed by plaintiff on 17 September 1969.

Plaintiff alleges in substance: Defendants DuBose granted an option to one M. B. Smith III to purchase the tract of land in question. Smith assigned the option to defendant Byron Development Corporation. Byron entered a contract with plaintiff wherein it was agreed that plaintiff would do grading work for the construction of a golf course on the subject property. Plaintiff was to receive compensation in the sum of $253,000.00, with payments to be made as the work progressed. Work started in December 1968 and payments were made as agreed until the project was 96% complete. At that time, Byron was behind in payments in the amount of $31,755.00, and on 16 September 1969 the work was stopped. During the construction Byron assigned the option to defendant Royal Oaks Country Club. Plaintiff is still owed $31,755.00 for work performed, and de-

Gentry Brothers v. Development Corp.

spite demand on all defendants, this sum has not been paid. All of the defendants knew of the work plaintiff was performing.

Defendants DuBose filed answer in which they deny that they are indebted to plaintiff or that plaintiff is entitled to a lien against their property.

Plaintiff moved for judgment on the pleadings and defendants DuBose moved for summary judgment. In support of their motion, Mr. and Mrs. DuBose filed an affidavit in which they aver: The option to purchase the land in question was never exercised, and at all times involved the land was owned by them as tenants by the entireties. Neither of them entered a contract with plaintiff nor authorized any agent to act in their behalf in connection with any of the work allegedly performed by plaintiff. They had no oral or written communication with any representative of plaintiff concerning the work done on their land until 16 September 1969. Plaintiff also filed an affidavit; however, nothing alleged therein controverts any of the material facts set forth in the DuBose affidavit.

Judgment was entered denying plaintiff's motion for judgment on the pleadings and allowing the motion of defendants DuBose for summary judgment.

*Nelson and Clayton by George E. Clayton, Jr., for plaintiff appellants.*

*Bryant, Lipton, Bryant & Battle by F. Gordon Battle and Theodore H. Jabbs for defendants D. St. Pierre DuBose and wife, Valinda Hill DuBose.*

GRAHAM, Judge.

Plaintiff does not challenge the portion of the judgment which holds that it is not entitled to a money judgment against defendants DuBose. Its contentions relate only to the action of the court in declaring null and void the notice of lien filed against the DuBose property.

[1] No issue of fact exists as to who owned the land at the time plaintiff made the improvements thereon, or as to who contracted for the improvements. It is undisputed that Mr. and Mrs. DuBose owned the land at all times involved in the suit— and they still do. It is also undisputed that it was Byron, and

not Mr. and Mrs. DuBose, who contracted with plaintiff for the improvements and agreed to pay for them. Evidence was offered through the affidavit of defendants DuBose that Byron was not acting as their agent. Plaintiff offered no evidence to the contrary. Thus, the only question before the trial court was a question of law: May a contractor enforce a lien on real property for labor performed pursuant to a contract with a party who has an option to purchase the land but never exercises the option or otherwise acquires any ownership in the land? We hold that the trial court correctly decided this question in the negative.

" 'The law seems to be settled in this State that there must be a debt due from the owner of the property before there can be a lien. The debt is the principal, the basis, the foundation upon which the lien depends. The lien is but an incident, and cannot exist without the principal.' " *Brown v. Ward*, 221 N.C. 344, 346, 20 S.E. 2d 324, and cases cited therein. In accord: *Supply Co. v. Clark*, 247 N.C. 762, 102 S.E. 2d 257; *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828; *Leffew v. Orrell*, 7 N.C. App. 333, 172 S.E. 2d 243; *Clark v. Morris*, 2 N.C. App. 388, 162 S.E. 2d 873.

Plaintiff argues that the land in question is subject to a lien because in the option contract, the optionee was given the right to construct a golf course prior to executing the option, provided assurances were given that money was available for the completion thereof, and provided further that expenditure of funds for this purpose would be subject to "reasonable joint control or certification as to purpose of expenditure." This contention cannot be sustained. These contractual provisions in no way authorized the optionee to enter into a contract on behalf of the owners. Furthermore, it is not contended that Byron acted for the owners in employing plaintiff to improve the property, or that the owners ever expressly, or by implication, assumed Byron's obligation to pay for the work plaintiff was employed to do.

[2] The fact defendants DuBose may have known that plaintiff was engaged in work on the property is of no significance. Mere knowledge by a property owner that work is being done or material furnished in the improvement of his property does

not enable the person furnishing the labor or material to obtain a lien. *Air Conditioning Co. v. Douglass, supra; Brown v. Ward, supra; Price v. Gas Co.,* 207 N.C. 796, 178 S.E. 567.

Affirmed.

Judges VAUGHN and HEDRICK concur.